Harry CHAMBERS, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–195–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 31, 1988.

Thomas W. McQuage, Stephen A. Pitts, Galveston, for appellant.

Michael J. Guarino, Mark J. Kelly, Galveston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

Harry Chambers appeals a felony conviction for burglary of a building. A jury found appellant guilty and the court assessed punishment, enhanced by two prior convictions, at twenty-five years imprisonment in the Texas Department of Corrections.

In a single point of error appellant contends that the trial court committed fundamental error by proceeding with his trial, and the selection of a new jury panel, after a mistrial was declared because appellant showed the systematic exclusion of blacks from the first jury panel.

Appellant's trial began on January 20, 1987. Twelve jurors were selected from the jury panel but were not sworn. The jury panel included six black prospective jurors. The state, using its peremptory challenges, struck five of the six blacks from the panel. Appellant moved for a mistrial based on the state's use of its peremptory challenges to remove members of appellant's race from the venire. The court held a hearing out of the presence of the jury panel in accordance with *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Based on the evidence presented at the hearing, the court determined that appellant had made a prima facie showing of discrimination and that the state had not offered sufficiently racially neutral explanations for the questioned challenges. The trial court concluded the hearing by granting appellant's Motion for Mistrial.

The next day a new jury was selected from a second jury panel. Prior to the second jury being sworn, appellant again made a *Batson* objection and moved for a mistrial. The Galveston district attorney had used one of her peremptory challenges to strike one of the two black prospective jurors on the second jury panel. A second *Batson* hearing was held outside the presence of the second jury panel. The court determined that the state had presented racially neutral grounds for striking this prospective black juror. Therefore, appellant's second request for a mistrial was denied.

Appellant asserts that the trial court committed error when it continued appellant's trial and selected a new jury panel after a mistrial was declared. Appellant contends that some additional remedy

should have been fashioned by the court to dissipate the harm resulting from the state's misuse of its peremptory strikes with the first jury panel. Appellant concedes that the majority of reported decisions support the trial court's actions. However, appellant does cite *U.S. v. Robinson*, 421 F.Supp. 467 (D.Conn.1976) as authority supporting his position that the appropriate remedy, upon a finding of discriminatory use of the state's peremptory challenges, is to disallow the challenge of the stricken black veniremen and to resume the jury selection process with those black jurors included.

■ It is well recognized that when no objection is made at trial nothing is presented for appellate review. *Griffin v. State*, 665 S.W.2d 762, 763 (Tex.Crim.App. 1983). The record before us clearly shows that appellant did not object when the court dismissed the first jury panel after the court declared a mistrial nor did he request the court to disallow the state's strikes and reinstate the veniremen struck by the state. Since appellant received all the relief he requested, he has preserved nothing for our review. *Reese v. State*, 531 S.W.2d 638, 641 (Tex.Crim.App.1976); *Hopkins v. State*, 480 S.W.2d 212, 213 (Tex.Crim.App. 1972).

■ However, assuming appellant's contention had been properly preserved, the trial court did not commit error when it continued with appellant's trial using a second jury panel. A reviewing court should give great deference to a trial judge's findings of fact concerning purposeful discrimination. *Henry v. State*, 729 S.W.2d 732, 734 (Tex.Crim.App.1987). The United States Supreme Court has suggested two alternatives available to the trial court once purposeful discrimination by the state has been shown. The trial court may either (1) discharge the veniremen and select a new jury from the panel previously associated with the case or (2) disallow the discriminatory challenges and resume selection with the improperly challenged jurors reinstated on the venire. *Batson v. Kentucky*, 106 S.Ct. at 1724 n. 24. *Henry v. State*, 729 S.W.2d at 737. However, due to the varie-

ty of jury selection practices used within our judicial system, the United States Supreme Court declined to choose the most appropriate method for courts to use. *Batson*, 106 S.Ct. at 1724. Clearly, the view of the United States Supreme Court and the Texas Court of Criminal Appeals is that individual trial judges have the power to choose either alternative. *Henry v. State*, 729 S.W.2d at 737.

After reviewing *U.S. v. Robinson*, 421 F.Supp. 467, we find that the facts presented therein were more egregious than those found in the present case. The Connecticut District Court reviewed data concerning the selection of juries empaneled in all criminal cases in their district during the previous two years. The data submitted by the defendants analyzed seventy-one trials. After assessing all of the data presented, the Connecticut District Court concluded that the pattern of government peremptory challenges of black veniremen had reached an excessive point. The court then exercised its discretionary supervisory power by disallowing the challenges of the black veniremen and resuming the jury selection process with the names of the four black veniremen included. *U.S. v. Robinson*, 421 F.Supp. at 474. In the instant case appellant did not allege, either in his brief or in his oral argument to this court, that the Galveston County District Attorney's office exhibited a history of racially motivated challenges of black veniremen. Rather, he stated that the Galveston District Attorney's office had exercised its peremptory challenges improperly only as to the first jury panel in this particular case.

On June 19, 1987, the Texas Legislature approved the amendment of Article 35.261 to the Texas Code of Criminal Procedure. We realize that the amended statute was not in effect at the time of appellant's trial. However, we believe the enactment of this amendment clearly demonstrates the legislature's approval of the practice of calling a new jury panel when it is determined that the state has used its peremptory challenges in a racially discriminatory manner. Revised Article 35.261 states in relevant part:

(a) After the parties have delivered their lists to the clerk under Article 35.26 of this code and before the court has impanelled (sic) the jury, the defendant may request the court to dismiss the array and call a new array in the case. The court shall grant the motion of a defendant for dismissal of the array if the court determines that the defendant is a member of an identifiable racial group, that the attorney representing the state exercised peremptory challenges for the purpose of excluding persons from the jury on the basis of their race, and that the defendant has offered evidence of relevant facts that tend to show that challenges made by the attorney representing the state were made for reasons based on race. If the defendant establishes a prima facie case, the burden then shifts to the attorney representing the state to give a racially neutral explanation for the challenges. The burden of persuasion remains with the defendant to establish purposeful discrimination.

(b) If the court determines that the attorney representing the state challenged prospective jurors on the basis of race, the court shall call a new array in the case.

Tex.Code Crim.Proc.Ann. art. 35.261 (Vernon Supp.1988).

The issue raised in this case presents a serious question. In the end, appellant was tried by an all white jury. By receiving a "second try" with a second jury panel, the state indirectly obtained its objective of not using the first jury panel which it believed may have been more favorable to appellant. While appellant's contention may possess merit, future guidance as to the most appropriate remedy to utilize, once purposeful discrimination is shown, should come from the Court of Criminal Appeals or the United States Supreme Court. Accordingly, appellant's point of error is overruled.

The judgment of the trial court is affirmed.

SEARS, Justice, concurring.

I concur with the results reached by the majority; however, I disagree that guidance for future *Batson* problems must come from the United States Supreme Court or from the Court of Criminal Appeals.

There are eighty justices on the Courts of Appeals in Texas and only nine judges on the Court of Criminal Appeals. It is my belief that the trial courts and trial lawyers need and appreciate guidance, and it is my further belief that the viewpoints of eighty justices are valuable guidelines for the opinions rendered by our overworked judges on the Texas Court of Criminal Appeals.

There is no doubt that the evil sought to be avoided by *Batson* was alive and well in this appeal. The state, by striking five of the six black prospective jurors, obtained a jury panel with only two black persons. Therefore, by violating the rules and the law, the state achieved its purpose. This is an unacceptable result.

When a *Batson* challenge is upheld, and the defendant requests that the trial court disallow the state's discriminatory peremptory strikes and resume the jury selection process with the same panel, the trial court should grant the request. This is a simple, straightforward and just remedy for a recognized wrong.