**Gwin Paul SIMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–88–024–CR.**

Court of Appeals of Texas,
Texarkana.

March 28, 1989.

Gary L. Waite, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

CORNELIUS, Chief Justice.

Gwin Paul Sims appeals his conviction for possession of cocaine, less than twenty-eight grams, with intent to deliver. The jury assessed punishment at seven years' confinement.

On appeal, Sims contends that the trial court should have called a new array of jurors after it found that the State did not have race-neutral reasons for striking a black person from the jury panel; the court erred in finding that other black persons were excluded from the panel for race-neutral reasons; and the court submitted an improper charge to the jury at the punishment phase of the trial. We overrule all these contentions and affirm the conviction.

The State used three of its peremptory challenges to strike black persons from the jury panel. Sims objected to the use of the strikes, proved that he was a member of an identifiable racial group, and raised an inference that the prosecutor had used his peremptory challenges to exclude the black persons because of their race. The court held a hearing to determine if the State had race-neutral reasons for striking the black persons. After hearing evidence, the court determined that the State did not have race-neutral reasons for the peremptory challenge to panelist Alice Gray, but did have race-neutral reasons for the peremptory challenges excluding two other blacks from the panel. The court disallowed the strike of panelist Gray and reinstated her to the panel.

In his first point of error, Sims contends that according to Tex.Code Crim. Proc.Ann. art. 35.261 (Vernon Supp.1989) the trial court, instead of reinstating panelist Gray, was required to call a new array in the cause. Article 35.261 provides in Subparagraph (b):

If the court determines that the attorney representing the state challenged prospective jurors on the basis of race, the court shall call a new array in the case.

Article 35.261 was enacted on June 19, 1987, and became effective on August 31, 1987. It was enacted in response to the United States Supreme Court's holding in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In *Batson*, the Court held that when a defendant raises an inference of racial discrimination in the use of peremptory challenges and establishes a prima facie case, the State has the burden to demonstrate a racially neutral explanation for its peremptory challenges. If the State fails in its burden, the defendant is entitled to relief. The Court refused in *Batson* to specifically prescribe what relief must be granted for such discrimination, but it did enumerate two remedies which would be proper on such a finding. The court may either discharge the panel and select a jury from a new panel or it may disallow the challenge and reinstate the minority juror. *Batson v. Kentucky*, 476 U.S. at 99 n. 24, 106 S.Ct. at 1724 n. 24, 90 L.Ed.2d at 90 n. 24.

Article 35.261 uses the word "shall," but considering that the purpose of the statute was to conform Texas law to the requirements of *Batson* and to benefit the defendant in such situations, we conclude that it does not require in all cases that a new array be called, but that the trial judge has the discretion to apply either remedy. *See Henry v. State*, 729 S.W.2d 732, 734, 737 (Tex.Crim.App.1987).

Moreover, when the court found that the State had failed to demonstrate race-neutral reasons for striking panel member Gray, Sims moved that the strike be disallowed, or in the alternative that the panel be quashed. When the court then disallowed the strike, Sims did not object or

make any request that a new array be called. Since he received the relief he requested and there was no objection, no error is shown. *Reese v. State*, 531 S.W.2d 638 (Tex.Crim.App.1976); *Chambers v. State*, 750 S.W.2d 264 (Tex.App.–Houston [14th Dist.] 1988, no pet.).

 Sims next contends that the court erred in finding that the State demonstrated race-neutral reasons for using its peremptory challenges to strike two other black persons from the panel.

The prosecutor testified that he struck Claudia Fulbright because she had gone to school with Sims, was unable to state the closeness of her relationship with Sims, and her husband had been prosecuted in Lamar County for aggravated assault, receiving a seven-year probated sentence. Cheryl Fulbright was struck because she was related to Claudia Fulbright's husband. The prosecutor believed that Cheryl Fulbright was Billy Fulbright's sister, whom he had prosecuted in the past. Kinship to a person who has had trouble with the law can constitute a legitimate racially neutral reason for striking a juror. *See Rijo v. State*, 721 S.W.2d 562 (Tex.App.—Amarillo 1986, no pet.).

The trial court was in the best position to judge the prosecuting attorney's credibility, and his decision in that regard should be given great deference. *Henry v. State*, supra. We find no error in this instance.

 Finally, Sims contends that the trial court erred in submitting a charge at the punishment stage which was not authorized by law. The trial court instructed the jury that, in addition to punishment of imprisonment from five to ninety-nine years, a fine not to exceed $10,000.00 could be assessed, whereas Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.01(b)(1) (Vernon Supp. 1989) provides that punishment in such a case may include a fine not to exceed $20,-000.00.

Although the charge as to the fine was incorrect, Sims suffered no harm. The fine specified in the charge was less than that allowed by the statute, and he was assessed no fine.

For the reasons stated, the judgment of the trial court is affirmed.