**Freddie Lee GILMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–00728–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 22, 1990.

Joann W. Schaffer, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before ROBERTSON, DRAUGHN and JACKSON B. SMITH, Jr., Retired (Sitting by Designation), JJ.

OPINION

DRAUGHN, Justice.

A jury found appellant, Freddie Lee Gilmore, guilty of possessing cocaine, weighing less than twenty-eight (28) grams. After finding enhancement paragraphs true regarding prior convictions for delivery of cocaine and burglary of a motor vehicle, the jury assessed punishment at thirty-five (35) years' confinement in the Texas Department of Corrections. We affirm.

After twice observing appellant walk up to cars entering a parking lot of Nathan's Lounge, a small bar in a high crime area, Houston Police Officers M.G. Miller and Thomas Hayes drove into the lot. Appellant began crossing the street to the bar, then turned and faced the unmarked police car. When Officer Miller, dressed in full uniform, opened the passenger door, the interior light came on, and appellant "looked surprised." Officer Miller exited

the vehicle and followed appellant as he turned and rapidly moved toward the bar. "As he sped up, I would speed up," the officer testified. When he got approximately ten feet from appellant, he observed appellant release an object from his clenched right fist into the open window of a red Camaro. Sherwin Johnson, a black female, was sitting inside the Camaro, next to the open window. The officer ran to the car, shined a flashlight into the window, and saw a plastic baggie on Johnson's lap. Johnson looked down, saw the baggie in her lap and, in an excited voice, said someone threw the baggie in her car. The officer reached in, removed the baggie, and found that it contained three small rocks of cocaine. Appellant then was arrested.

■ In appellant's first point of error, he contends the trial court erred in denying his motion for directed verdict at the conclusion of the State's case because the State failed to meet its burden of proof. In point of error number two, appellant challenges the sufficiency of the evidence to eliminate other possibilities and alternative, reasonable hypotheses other than the guilt of the accused. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984).

At completion of the State's case in chief, appellant moved for a directed verdict on the basis that mere presence in the vicinity of a controlled substance is insufficient to support a finding of guilt. *Martin v. State*, 753 S.W.2d 384, 388 (Tex.Crim.App. 1988); *Humason v. State*, 728 S.W.2d 363, 367 (Tex.Crim.App.1987). However, the record here reflects more than mere presence.

The Court of Criminal Appeals recently affirmed the possession conviction of a defendant whom arresting officers had not actually seen deposit four rocks of cocaine behind the back seat of a patrol car while police were taking him to jail on a traffic offense. *Williams v. State*, 784 S.W.2d 428 (Tex.Crim.App.1990). The officers testified that appellant was the only person they took into custody that day, and before the shift began, they had performed a routine check that included sliding the back seat out to look for objects caught in or under the seat, and they found none. One officer said he remembered making only one stop at which they left their car unattended, but they locked the doors; however, he said he could not remember if they had made any calls before arresting appellant, but that the car would have been left unattended if they had and that the back seat would not have been reinspected after those periods. *Id.* In reversing the court of appeals, which held the only evidence connecting the defendant to the cocaine was his non-exclusive access to the patrol car, the Court of Criminal Appeals stated:

> [T]here may be a possibility that someone other than appellant got into the patrol car and placed the cocaine under the seat precisely where appellant subsequently sat, or that the officers had testified falsely and planted the cocaine in the car … However, a rational factfinder could easily have found these possibilities not to be reasonable. *Id.* at 430.

In the instant case, Officer Miller testified he saw appellant reach inside Johnson's car and release an object from his clenched right hand. When he shined the flashlight into the car, there was nothing but the baggie of cocaine where appellant had dropped the object. Testimony by the officer was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim. App.1984).

Although at trial Johnson stated she did not know who threw the baggie, appellant was the last person she saw on that side of her car before she felt the baggie hit her lap and she reacted with surprise. Officer Miller testified that Johnson's hands did not move and "[s]he stated to me he just ran up and threw that in my lap." Although there were five to seven other persons in the vicinity of the car, Officer Miller said that appellant was the only one near Johnson's car window. A rational factfinder could easily have found it unreasonable to accept appellant's hypotheses that the cocaine already was in Johnson's lap or that someone else might have dropped the baggie in her lap.

We overrule points of error one and two.

 Next, appellant contends the trial court erred in allowing the State, over appellant's objection, to mention the amount of cash, some sixteen hundred dollars, that police found in appellant's pocket at the time of his arrest. Such evidence, tending to show that appellant was dealing in narcotics, was admissible to show the essential element of knowledge of the charged offense of possession of a controlled substance. *Arnott v. State*, 498 S.W.2d 166, 176–77 (Tex.Crim.App.1973). Further, evidence that tends to show commission of extraneous illegal conduct is admissible under the doctrine of "res gestae," but only when the extraneous offense is relevant to a material issue in the present case and its probative value outweighs its prejudicial impact. *See Mann v. State*, 718 S.W.2d 741, 743–44 (Tex.Crim.App.1986), *cert. denied* 481 U.S. 1007, 107 S.Ct. 1633, 95 L.Ed.2d 206 (1987). Officer Miller had already testified that appellant's actions were consistent with drug sale solicitations. As such, introduction of the amount of cash found on appellant was part of the context of the offense. *See Mann*, 718 S.W.2d at 743. "Rarely will the prejudicial value render inadmissible any evidence that is context of the offense." *Id.* at 744.

Appellant relies on *Martin v. State*, 772 S.W.2d 534 (Tex.App.—Beaumont 1989, pet. ref'd), for the proposition that one who is charged with possessing a controlled substance is greatly prejudiced by the introduction of evidence that he is a drug dealer. However, in *Martin*, the court of appeals reasoned that the evidence would have been admissible under the "res gestae" doctrine to show knowledge, but there was nothing in the record to affirmatively link appellant to the money. *Martin v. State*, 761 S.W.2d 26, 30–31 (Tex.App.—Beaumont 1988) (remanded summarily for harm analysis at 764 S.W.2d 562). Here, there is no question but that police found the money in appellant's pocket. We overrule appellant's third point of error.

Finally, appellant contends the trial court erred in refusing to submit to the jury an instruction on circumstantial evidence. Although appellant relies on the holding in *Ransonette v. State*, 550 S.W.2d 36, 43 (Tex.Crim.App.1976), that a charge on circumstantial evidence is required, the State points out that *Hankins v. State*, 646 S.W.2d 191, 197–200 (Tex.Crim.App.1981) (on reh'g), abolished the jury charge on circumstantial evidence. Therefore, we overrule point of error number four.

We affirm the judgment of the trial court.