**Gwin Paul SIMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 726–89.

Court of Criminal Appeals of Texas,
En Banc.

May 30, 1990.

Rehearing Denied July 11, 1990.

Gary L. Waite, Paris, for appellant.

Tom Wells, III, Dist. Atty., and Scott McDowell, Asst. Dist. Atty., Paris, Robert Huttash, State's Atty. & Matthew W. Paul, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of the offense of possession of cocaine with intent to deliver, and his punishment assessed by the jury at seven years in the penitentiary. The Texarkana Court of Appeals affirmed his conviction in a published, but as yet unreported opinion. *Sims v. State*, 768 S.W.2d 863 (Tex.App.Texarkana, 1989).

■ Appellant contended on appeal, *inter alia*, that the trial court erred, having found the State exercised one of its peremptory challenges with purposeful discrimination in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in reinstating the excluded venireman to the jury rather than dismissing the array, as prescribed by Article 35.261(b), V.A.C.C.P. The court of appeals concluded the statute "does not require in all cases that a new array be called, but that the trial judge has the discretion to apply either remedy. See *Henry v. State*, 729 S.W.2d 732, 734, 737 (1978 [sic])." It seems clear that the trial court's action was an acceptable one for constitutional purposes. See 476 U.S. at 99, n. 24, 106 S.Ct. at 1725, n. 24, 90 L.Ed.2d at 90. This Court's opinion in *Henry* was handed down, however, prior to the effective date of Article 35.261, supra. See acts 1987, 70th Leg., ch. 751, p. 2685, § 1, effective August 31, 1987. We granted appellant's petition for discretionary review in order to decide whether the court of appeals erred in concluding that reinstatement of an improperly excluded venireman to the jury is a permissible remedy under, or in spite of, Article 35.261(b), supra.

■ We now note that in its opinion the Texarkana Court held alternatively that any error committed by the trial court in applying the remedy it did was effectively invited by appellant. At the conclusion of the brief *Batson* hearing that was conducted in this cause, appellant's counsel requested *either* that the State's strike be disallowed *or* that the panel be quashed. Finding itself "not satisfied" that the prosecutor's reasons for excluding one of the veniremen was "sufficient," the trial court removed the last juror picked from the jury and replaced him with the erroneously challenged venireman, as per appellant's request. Appellant did not later object to this procedure. Nor does he now challenge the court of appeals' alternative holding that he invited any error that was committed.

In the premises, any opinion this Court might issue on the merits of the question we granted review to decide would constitute sheer dicta. We do not render advisory opinions. See *Garrett v. State*, 749 S.W.2d 784 (Tex.Cr.App.1988) (Opinion on State's motion for rehearing). For this reason we deem the present petition to have been improvidently granted. Tex.R.App. Pro., Rule 202(k).

Accordingly, the petition is dismissed.

TEAGUE, J., dissents.

BERCHELMANN, J., not participating.