Eric Cornelius THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–89–01090–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 20, 1990.

Rehearing Denied Jan. 31, 1991.

---

Walter J. Pink and Charles Freeman, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

OPINION

JUNELL, Justice.

Following a jury trial appellant was convicted of the felony offense of possession of a controlled substance, namely cocaine, and the trial court assessed punishment at twenty-five years confinement in the institutional division of the Texas Department of Criminal Justice. Appellant brings seven points of error alleging that the trial court committed reversible error by: (1) excusing the remainder of the venire after appellant raised a *Batson* challenge and before ruling on said challenge; (2) failing to disallow the State's discriminatory peremptory challenge against venireperson number six and resume selection with venireperson number six reinstated on the venire; (3) failing to disallow the State's discriminatory peremptory challenge against venireperson number twenty-two and resume selection with venireperson number twenty-two reinstated on the venire; (4) failing to call a new array; (5) allowing appellant to waive the *Batson* challenge; (6) depriving appellant of his right to confrontation and cross-examination of Officer Caesar Rivera; and appellant alleges: (7) insufficient evidence to support the conviction. We affirm.

On February 23, 1989, Houston police officers Rivera and Rodriguez were driving through an apartment complex when they observed the appellant and a second individual walking towards the interior of the complex. Officer Rivera saw the two men exchange something and told Officer Rodriguez to stop the car. Officer Rivera exited the patrol car and the appellant quickly turned and went up the stairs. Officer Rivera negotiated the stairs and observed the appellant squatting down near a corner. The officer saw the appellant raise the carpeting, reach underneath it, and stand back up. The appellant then walked past the officer. Officer Rivera stopped the appellant and asked him what he was doing in the building. The officer also conducted a weapons pat-down of the appellant. The officer then returned to the area where he had seen the appellant raise the carpeting. Officer Rivera reached underneath the carpeting and found a matchbox. Inside the matchbox, Officer Rivera found several pieces of a rock-like substance which he believed to be crack cocaine. The officer then arrested the appellant. Subsequent to the arrest, a field test was conducted on the substance found in the matchbox. The test showed the substance to be cocaine.

In his first five points of error appellant alleges several *Batson* errors.

Before the jury was sworn and before the rest of the venire was discharged, appellant's counsel requested a *Batson* hear-

ing. The record reflects that the appellant was black and that the prosecutor struck three black prospective jurors. After the prosecutor gave her reasons for her peremptory challenges of the three black jurors, the trial judge stated that the appellant's *Batson* motion was granted. The following then transpired:

MR. PINK: At this time, Your Honor, now comes the defendant, Eric Cornelius Thompson, by and through his attorney of record, Walter Pink, and Robert Wallace and Ms. Bailey, and would inform this Honorable Court that I have communicated with the defendant in regards to the *Batson* motion I made and have explained to him the situation and where we stand at this point. Based on my explanation and telling him that the State's position as to any further offers, he has decided that he would want to go on with the trial with the jury that he has now rather than having to start all over again and, as such, since he has been in jail such a long time and has gone through the trauma of this process, he would want to go forward with the jury as is.

THE COURT: Mr. Thompson, you have heard Mr. Pink concerning your wish for the Court not to grant the mistrial that has been requested due to the *Batson* hearing. You understand what we would do is I would send this jury home. Probably two weeks or so from now, depending on everyone's trial schedule, and we would start at the beginning again.

It is my understanding that you wish to waive any *Batson* error in the case and proceed with the jury. You are satisfied with the makeup of this jury as it presently sits and you would like your case heard today with this jury?

THE DEFENDANT: Yes, sir.

THE COURT: You have any questions about it whatsoever?

THE DEFENDANT: No, sir.

■ The defendant in a criminal prosecution may waive any right secured to him by the law except the right of trial by jury in a capital felony case. TEX.CODE CRIM.

PROC.ANN. art. 1.14(a). Specifically, a defendant can waive any objection he has at trial, even if the objection arises under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *See Sims v. State*, 792 S.W.2d 81, 82 (Tex.Crim.App. 1990); *Brown v. State*, 769 S.W.2d 565, 568 (Tex.Crim.App.1989); *Chambers v. State*, 750 S.W.2d 264, 266 (Tex.App.—Houston [14th Dist.] 1988, no pet.). The cases hold that a defendant can waive a *Batson* error by failing to object or to request the proper relief. To say that one can inadvertently waive but one cannot intentionally waive would be illogical. Appellant specifically waived any error and his first five points of error are overruled.

Appellant's sixth point of error alleges that he was wrongly denied the right of confrontation and cross-examination. Appellant claims that the trial court committed reversible error by sustaining the prosecutor's objection to his question to Officer Rivera: "He didn't tell you that was his, did he?" The following exchange occurred during the examination of Officer Rivera:

BY MR. PINK:

Q: He didn't tell you that was his, did he?

MS. ABBOTT: Objection.

THE COURT: Sustained.

MR. PINK: May I ask the basis so I can rephrase it?

MS. ABBOTT: The State would object. Anything the defendant says would be hearsay at this point. Unless it is against his interest, it should not be—

THE COURT: Sustained.

MR. PINK: Note my exception and denial of cross-examination and confrontation.

THE COURT: Yes, sir, it will be so noted.

MR. PINK: At some time later I would like to make an offer of proof.

THE COURT: Yes, sir.

■ When a defendant desires to elicit certain specific responses from State's witnesses, but is precluded from doing so by the trial court, it is incumbent upon him to either call the witness to the stand and

have him testify and answer the specific questions he desires outside the presence of the jury or he must make an offer of proof of the questions he would have asked and the answers he expected to receive had he been permitted to question the witness in the presence of the jury. *Koehler v. State*, 679 S.W.2d 6, 9 (Tex.Crim.App.1984); *see also* TEX.R.APP.P. 52(b) and former TEX. CODE CRIM.PROC.ANN. art. 40.09, subd. 6(d)(1) (Vernon 1965) (repealed).

■ Officer Rivera was called two more times by appellant's counsel as a witness. However, appellant's counsel never made the required offer of proof as required to preserve the point for this court's review. Appellant's sixth point of error is overruled.

■ In his seventh point of error appellant contends that the evidence is insufficient to support the conviction because the jury could not conclude beyond a reasonable doubt that the appellant knowingly possessed the cocaine.

In reviewing challenges to the sufficiency of the evidence to support a conviction we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex. Crim.App.1989) (reconfirming the *Jackson* standard of review).

Appellant asserts that since the officer did not have the defendant in his sight at all times, every reasonable hypothesis other than that of the defendant's guilt has not been excluded as is required in a circumstantial evidence case. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App. 1984).

The Court of Criminal Appeals recently affirmed the possession conviction of a defendant whom arresting officers had not actually seen deposit four rocks of cocaine behind the back seat of a patrol car while the police were taking him to jail on a traffic offense. *Williams v. State*, 784 S.W.2d 428 (Tex.Crim.App.1990). The record reflected that the defendant in the *Williams* case was the only person taken into custody that day and that the officers had conducted their daily routine car check which included checking under the backseat for stray objects. The court held that while there may have been a possibility that someone other than the appellant placed the cocaine in the car, a rational trier of fact could have easily found the other suggested possibilities to be unreasonable.

Further, this court in *Gilmore v. State*, 788 S.W.2d 866 (Tex.App.—Houston [14th Dist.] 1990, no pet.), found that the evidence, including testimony of the arresting officer that he saw the defendant reach inside the vehicle and release an object from his clenched hand, was sufficient to support the defendant's conviction for possession of cocaine; and that a rational trier of fact could have found it unreasonable to accept defendant's hypotheses that the cocaine was already in the car or that someone else had put it there.

In the instant case, Officer Rivera testified that he saw the appellant exchange something with a second individual in a high-crime area of Houston. He further stated that he followed the appellant and saw him squatting by the area where the cocaine was found, and saw him raising the carpet. Officer Rivera also stated that while the matchbox in which the cocaine was found was dry, the carpeting under which it was found was damp. Testimony by the officer was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. An appellate court may not second-guess the finding at trial so long as some rational trier of fact could conclude that any remaining hypothesis or doubts are not reasonable. Appellant's seventh point of error is overruled.

The judgment of the trial court is affirmed.