Brown v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-90-158-CR

        RUBY ANN BROWN,
                                                                              Appellant
        v.

        THE STATE OF TEXAS,
                                                                              Appellee
 

 From the 361st District Court
Brazos County, Texas
Trial Court # 19,202-361
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          Appealing her conviction for possession of cocaine, Appellant complains that the evidence
was insufficient to affirmatively link her to the drug and that she was ineffectively assisted by her
trial counsel. We will affirm.
          At approximately 11:00 P.M. on November 15, 1989, police officers executed a search
warrant at a trailer home. Prior to the search, officers had maintained constant surveillance of the
trailer for at least thirty minutes, and no one had entered or left the home during that time period. 
Sergeant Roberts, the first to enter the home, saw Appellant sitting in the living room, Appellant's
daughter asleep on the living room floor, and Bobby Washington flee through the back door. 
Roberts pursued Washington, who was subsequently apprehended by other officers outside the
trailer.
          Detective Stoddard, the third officer to enter the home, did not see Appellant sitting in the
living room. Instead, with the assistance of a flashlight, he located Appellant "standing with her
back to the wall" in the small bedroom. Stoddard claimed that Appellant appeared to be trying
to hide.
          After Washington and Appellant were apprehended and the residence secured, officers
searched the trailer. Inside a man's sock located in a dresser drawer in the master bedroom,
officers found ninety pieces of "crack" cocaine and over $400 cash. Hidden in a woman's dress
shoe in the closet, which contained men's, women's, and children's clothing and shoes, was $480. 
Officers also found a police radio scanner and an automatic handgun in the master bedroom.
          In the kitchen, which was directly adjacent to and clearly visible from the living room,
officers found a bowl of water in the microwave and a partially used box of baking soda near the
microwave. At trial, the State presented uncontroverted testimony that water and baking soda are
commonly used to make crack cocaine. A ball of "soft" crack was found—in plain view—sitting
on a red plate in the living room. Lieutenant Knowles testified that freshly made crack hardens
in ten to fifteen minutes. Because the crack was still soft when discovered, Knowles concluded
that it was made shortly before the search and while the home was under surveillance.
          When considering Appellant's first point, that the evidence was insufficient to affirmatively
link her to the cocaine, we must determine whether, viewing the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt. See Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App.
1989). A defendant must exercise care, custody, control, and management over illicit drugs,
knowing them to be drugs, before he is guilty of their possession. Dickey v. State, 693 S.W.2d
386, 389 (Tex. Crim. App. 1984). 
          If the defendant is not in sole possession of the premises where drugs are found, the state
must prove an affirmative link between the contraband and the defendant to establish his
possession. Deshong v. State, 625 S.W.2d 327, 329 (Tex. Crim. App. [Panel Op.] 1981). An
affirmative link is established by facts and circumstances from which one may reasonably infer
that the defendant knew the contraband existed and that he exercised care, custody, control, and
management over it. Dickey, 693 S.W.2d at 389.
          The following evidence was sufficient to affirmatively link Appellant to the cocaine. First,
on the night of the search, Appellant told officers that she lived in the trailer. Furthermore,
children's and women's clothes and shoes were found in a closet in the trailer and in a wash
basket. The jury could have reasonably concluded that Appellant lived in the trailer and that the
clothes and shoes belonged to her and her daughter. Second, Appellant was first seen sitting in
a chair located ten to twelve feet from the "soft rock" of crack cocaine found in plain view. 
Therefore, the contraband was readily accessible to her. See Lewis v. State, 664 S.W.2d 345, 349
(Tex. Crim. App. 1984); Deshong, 625 S.W.2d at 329; Lewis v. State, 502 S.W.2d 699, 701
(Tex. Crim. App. 1973). Third, $480 were found hidden in a woman's shoe in the closet. See
Gilmore v. State, 788 S.W.2d 866, 868 (Tex. App.—Houston [14th Dist.] 1990, no pet.). 
Accordingly, point one is overruled. 
          Point two is that Appellant was ineffectively assisted by her trial counsel. Specifically, she
asserts that her attorney failed to: (1) file any pretrial motions; (2) prepare to go to trial on March
7, 1990; (3) subpoena Washington to testify; and (4) object to the charge. She also complains that
he abandoned her on appeal. 
          The test for ineffective assistance is whether, considering the totality of the circumstances
viewed at the time of counsel's conduct, (1) the assistance was reasonably effective and, if not,
(2) whether the defendant was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 104
S.Ct. 2052, 2064-65, 80 L.Ed.2d 674 (1984); Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim.
App. 1986). A strong presumption exists that the representation falls within the wide range of
reasonable professional assistance. Strickland, 104 S.Ct. at 2065-66. Matters of trial strategy
do not amount to ineffective assistance, even if they backfire. See Ex parte Ewing, 570 S.W.2d
941, 947 (Tex. Crim. App. [Panel Op.] 1978).
          The record reveals that the trial commenced on March 26; thus, whether Appellant's
counsel was prepared for trial on March 7 is irrelevant. Moreover, Washington's attorney told
the court that his client would not testify but would claim his rights under the Fifth Amendment. 
At that time, Appellant's counsel stated that he would rather proceed with the trial than delay the
trial to subpoena a witness who would refuse to testify. This decision was merely trial strategy. 
Additionally, Appellant has failed to show how she was prejudiced by her counsel's failure to file
pretrial motions or object to the charge. And, finally, because she was granted an out-of-time
appeal, Appellant cannot show that she was harmed by her counsel allegedly abandoning her on
appeal. Point two is overruled.
          Affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed October 9, 1991
Do not publish