Johnson-ME v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-036-CR

Â Â Â Â Â MARION EDWARD JOHNSON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 22,282-361
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A jury found Marion Johnson guilty of possession of a controlled substance, and the court
assessed punishment of twenty years' imprisonment. See Tex. Health & Safety Code Ann.
Â§Â§ 481.102(3)(D), 481.115 (Vernon 1992). In his first point of error, Johnson claims that the
court erred by overruling his Batson objection to the State's peremptory strikes. See Batson v
Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In a second point he challenges
the sufficiency of the evidence supporting his conviction. We will affirm. 
Â Â Â Â Â Â The State struck four black veniremembers. According to the undisputed statements of the
defense, these were the only blacks among the first thirty-five members of the panel. When
challenged, the State explained that it had struck all members of the venire whose relatives had
been charged with or convicted of an offense, including all four of the challenged strikes. 
Â Â Â Â Â Â Batson prohibits the use of peremptory challenges based on the race of the veniremen. See
id. Under Batson, the intent to discriminate is a "pure issue of fact, subject to review under a
deferential standard." Hernandez v. New York, 500 U.S. 352, ___, 111 S.Ct. 1859, 1869, 114
L.Ed.2d 395 (1991); Vargas v. State, 838 S.W.2d 552, 554 (Tex. Crim. App. 1992). Thus, on
appeal, "[t]he overriding standard is . . . whether the trial judge's decision was supported by the
record so that it is not clearly erroneous." Vargas, 838 S.W.2d at 554. For us to conclude that
the court's decision was clearly erroneous, we must be left with a "definite and firm conviction
that a mistake [has] been committed." See Hernandez, 500 U.S. at ___, 111 S.Ct. at 1871;
Vargas, 838 S.W.2d at 554.
Â Â Â Â Â Â As the appellate court, we view the record in the light most favorable to the court's ruling. 
See Adanandus v. State, 866 S.W.2d 210, 224 (Tex. Crim. App. 1993), cert. denied, ___ U.S.
___, 114 S.Ct. 1338, 127 L.Ed.2d 686 (1994). The record we review includes the racial makeup
of the venire, the voir dire direct examination, the prosecutor's explanations, and the defendant's
impeaching and rebuttal evidence. See Chambers v. State, 866 S.W.2d 9, 23 (Tex. Crim. App.
1993). Undisputed statements by the attorneys in support of their positions in a Batson hearing
constitute "valid proof." See Emerson v. State, 820 S.W.2d 802, 804 (Tex. Crim. App. 1991).
Â Â Â Â Â Â Applying these standards to this case, the State asserted that it struck the veniremembers
because of its concerns about their relatives' exposure to the criminal justice system. The record
demonstrates that each of the challenged panelist had relatives who were charged with or convicted
of an offense. This is a race-neutral reason for exercising peremptory challenges. See Sims v.
State, 768 S.W.2d 863, 865 (Tex. App.âTexarkana 1989), pet. dism'd, improvidently granted,
792 S.W.2d 81, 82 (Tex. Crim. App. 1990). The defense did not attempt to cross-examine the
prosecutor or put rebuttal evidence before the court; thus, there is nothing in the record which
objectively contradicts the prosecutor's reasons. See Vargas, 838 S.W.2d at 557. "Absent some
other evidence which rebuts the State's race-neutral explanation, we will not disturb the trial
court's finding that the State's explanation is legitimate . . . ." Chambers, 866 S.W.2d at 25. 
Thus, we cannot conclude that the trial court's decision was clearly erroneous. Point one is
overruled.
Â Â Â Â Â Â In point two, Johnson claims that the evidence is insufficient. To obtain a conviction for
possession of a controlled substance, the State had the burden of proving that (1) Johnson
exercised care, control and management over (2) what he knew to be contraband. See Martin v.
State, 753 S.W.2d. 384, 387 (Tex. Crim. App. 1988). In resolving the sufficiency-of-the-evidence issue, we view the evidence in the light most favorable to the prosecution and determine
whether any rational trier of fact could have found the essential elements of the offense charged
beyond a reasonable doubt. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988);
Eaglin v. State, 872 S.W.2d 332, 336-37 (Tex. App.âBeaumont 1994, no pet.).


 The jury is
entitled to reject the defensive evidence and credit the state's witnesses' version of the events. See
Lackey v. State, 819 S.W.2d 111, 116 (Tex. Crim. App. 1989). 
Â Â Â Â Â Â Viewed in the light most favorable to the State, the evidence shows that two Bryan police
officers approached Johnson as he sat in a car in an area reportedly the site of ongoing drug
trafficking. He became excessively nervous when the police began to question him. The officers
saw him pick up a plastic cup and place it, upside down, on the floorboard hump between the
passenger's and driver's seats. The officers discovered that there were several outstanding
warrants for Johnson's arrest on traffic violations. After he was arrested, Johnson attempted to
distract the officers from further investigation of the car. His attempts were unsuccessful, and the
officers discovered a Tylenol bottle under the cup Johnson had placed on the hump. Inside the
bottle the police found several rocks of "crack" cocaine. 
Â Â Â Â Â Â We conclude that this evidence is sufficient to allow a rational trier of fact to find that Johnson
exercised care, custody and control over the Tylenol bottle, knowing that the substance it
contained was contraband. See Moreno, 755 S.W.2d at 867; Eaglin, 872 S.W.2d at 336-37. 
Thus, the evidence is sufficient to support his conviction. See Martin, 753 S.W.2d. at 387. Point
two is overruled.
Â Â Â Â Â Â The judgment is affirmed.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed September 21, 1994
Do not publish



ing a
parenthetical note that I authored them, in which this Court used Rule 2 to
proceed to an immediate disposition of the proceeding because it was obvious
that even if we received proof of service, the complaining party was not
entitled to relief.  These cases are being improperly relied on by the Court in
this instance.Â  Rather than using Rule 2 to expedite a decision, it is being
used to deny a party the fundamental protection of notice.Â  The Court is
actually performing the obligation of the relator by enclosing copies of the
documents as a substitute for the relator serving the real-party-in-interest
and the respondent.Â  If we were using Rule 2 as it was used in the cited cases,
we would lift the requirement of service so that we could proceed immediately
to a disposition of the proceeding.Â  The Court, rather than proceeding to a
disposition, appears to be heading towards a disposition on the merits but has
to use Rule 2 to bypass some of the important procedural protections of the
other litigants.