Darrell Dewayne CLEMONS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–93–00454–CR.

Court of Appeals of Texas,
El Paso.

Feb. 2, 1995.

Russell W. Malm, Midland, for appellant.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Midland, for state, appellee.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ., concur.

## OPINION

BARAJAS, Chief Justice.

Darrell Dewayne Clemons appeals his conviction for the offense of robbery. Appellant pled not guilty. A jury found Appellant guilty and assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 45 years, whereupon the trial court entered judgment in accordance with the jury's findings. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

Sara and John Newell were leaving the Midland Memorial Hospital building to return to their motor home about 11:30 p.m. on June 15, 1992. As they walked, a black man wearing a white shirt and dark pants, who had white bandages on his neck and left arm, approached and engaged them in conversation. Shortly thereafter, the man began to grab at Sara's purse, breaking its strap and knocking her to the ground. John then began shouting and attempted to intervene. The man ran away toward the emergency room entrance, which is at the front of the hospital.

After police were summoned, both Newells identified Appellant from photo line-ups as the assailant. Within 30 minutes of returning to his patrol duties, the police officer who conducted the photo line-ups saw Appellant, recognizing him by the white bandages on his neck and arm. The officer pursued the Lincoln Town Car in which Appellant was a passenger, eventually stopping the vehicle and arresting Appellant. At the time of arrest, Appellant was wearing a white shirt, black jeans, and had white bandages on his neck and left arm.

## II. DISCUSSION

Appellant attacks his conviction in five points of error. In his first point of error, Appellant claims the evidence was insufficient to support the jury's guilty verdict. Specifically, Appellant claims there was insufficient evidence that he was the perpetrator of the robbery. In reviewing the sufficiency of the evidence, we are constrained to view the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could find the essential elements of the offense, as alleged in the application paragraph of the charge to the jury, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable doubt. *Stoker v. State*, 788 S.W.2d 1, 6 (Tex.Crim.App.1989), *cert. denied*, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); *Dwyer v. State*, 836 S.W.2d 700, 702 (Tex.App.—El Paso 1992, pet. ref'd). We do not resolve any conflict in fact, weigh any evidence, or evaluate the credibility of witnesses, and thus, the fact-finding results of a criminal jury trial are given great deference. *See Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App.1991); *Leyva v. State*, 840 S.W.2d 757, 759 (Tex.App.—El Paso 1992, pet. ref'd). Instead, our only duty is to

determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the verdict. *Adelman,* 828 S.W.2d at 421–22. In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Matson,* 819 S.W.2d at 843 (citing *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988)).

Appellant offered two alibi witnesses at trial, each of whom testified Appellant was not or could not have been near the scene of the robbery at the time it occurred. The State offered five witnesses. Two witnesses, the Newells, testified that Appellant confronted them and attempted to rob them by physically pulling on Sara Newell's purse with sufficient force to knock her to the ground and remove her purse's leather strap. One witness was standing outside the emergency room entrance when he saw a man with similar clothing and bandages running from the hospital. He also heard shouting noises as though a fight were underway emanating from the direction from which the man was running. The witness then saw the man run to a Lincoln Town Car and leave the scene. Another witness testified that Appellant was seen at the hospital for several days immediately preceding the attack. The witness, a hospital security employee, testified that Appellant identified himself by name and that she was suspicious of him because of his persistent verbal musings about well dressed hospital visitors carrying large amounts of money.

The foregoing does not exhaustively chronicle the overwhelming evidence in support of Appellant's judgment of conviction. It does, however, adequately summarize the evidence adduced at trial. While Appellant has provided some positive quantum of exculpatory evidence, this Court does not sit as a thirteenth juror. We examine the jury's verdict only for rationality. We find ample evidence to allow the jury to have concluded that Appellant perpetrated the robbery. Appellant's first point of error is therefore overruled.

■ In his second point of error, Appellant claims the trial court erred by overruling his objection to the racial composition of the jury venire. A challenge to a jury array must be made before voir dire, must be made in writing, and must be accompanied by an affidavit. TEX.CODE CRIM.PROC.ANN. art. 35.06 (Vernon 1989) (before voir dire); TEX. CODE CRIM.PROC.ANN. art. 35.07 (Vernon 1989) (written with affidavit); *Esquivel v. State,* 595 S.W.2d 516, 523 (Tex.Crim.App. 1980) (both), *cert. denied,* 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980). We find the Appellant's objection to the venire was untimely because it was made after the State conducted its interrogation of prospective jurors. Appellant's oral objection did not comply with the requirements that such an objection be written and accompanied by an affidavit. For all three reasons, Appellant's second point of error is overruled.

■ In his third point of error, Appellant claims the trial court erred by overruling his challenge for cause to prospective juror Saundra Hill. "To preserve reversible error in regard to the denial of a defendant's challenge to a prospective juror for cause, the defendant must show that he has been forced to exercise a peremptory challenge to excuse the prospective juror to whom the defendant's challenge for cause should have been sustained, and that he has exhausted all his peremptory challenges and he had later been forced to accept a juror whom he found objectionable." *Felder v. State,* 758 S.W.2d 760, 766–767 (Tex.Crim.App.1988), *cert. denied,* — U.S. ——, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993); *see also Hernandez v. State,* 563 S.W.2d 947, 948 (Tex.Crim.App. 1978); *Wolfe v. State,* 147 Tex.Crim. 62, 178 S.W.2d 274 (1944). Appellant directs us to no record evidence that he complied with the foregoing prerequisites. Appellant in his brief does not even allege he has so complied. Indeed, aside from his conclusion and a cursory exposition of the law related to juror bias, Appellant's argument on this issue consists of two sentences, neither of which addresses the requirements of *Felder.* Appellant's third point of error is therefore overruled.

■ In his fourth point of error, Appellant claims the trial court erred by overruling his *Batson* challenge to the manner in which the

State used its peremptory strikes to select the jury. The record reveals that the jury venire consisted of 47 persons, only three of whom were African–American. The record further reveals that although the State exercised its peremptory challenges to strike all three, two of them were located on the venire list such that twelve jurors were selected before their names were reached. Only one venireman, Mosel Strambler, was prevented from serving on the jury because of the State's use of its peremptory strikes. Thus, while the State's strikes with respect to the two veniremen not reached might be of evidentiary value in discerning the State's reasons for striking Strambler, they provide no direct support for Appellant's *Batson* claim. Accordingly, in examining Appellant's Batson challenge, we address only the State's use of its peremptory strikes as it related to Strambler.

■ We do not address the State's exclusion of the other two African–American veniremen for the additional and alternative reason that Appellant failed to specifically object to their exclusion from the jury. Appellant nonetheless complains on appeal that all three African–American veniremen were struck. In order for an issue to be preserved on appeal, there must be a timely objection which specifically states the legal basis for the objection. *Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App.1990). Specific objections are required so that the trial judge has an opportunity to rule and opposing counsel has an opportunity to remove the objection or supply other testimony. *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Crim. App.1977). An objection stating one legal basis may not be used to support a different legal theory on appeal. *Rezac,* 782 S.W.2d at 870. With the exception of the right of trial by jury, a defendant can waive any trial error, including a *Batson* error, by failing to properly object or request the proper relief. *Thompson v. State,* 802 S.W.2d 840, 842 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd); Tex.Code Crim.Proc.Ann. art. 1.14 (Vernon Supp.1994).

In the present case, Appellant asserted in his trial objection that a *Batson* error had occurred. In stating his objection, he identified only Strambler as the object of the State's allegedly impermissible use of its peremptory strikes. Appellant did briefly refer to the other two veniremen during a *Batson* hearing, erroneously summarizing their responses to voir dire questions. Appellant quickly realized his error, however, and expressly withdrew his statements. Appellant has therefore waived any error in the State's exclusion of the two other African–American veniremen from the jury. *See Sims v. State,* 792 S.W.2d 81, 82 (Tex.Crim.App.1990). We now proceed to examine Appellant's *Batson* claim based on the State's use of a peremptory strike against Strambler.

■ At the close of voir dire and before the jury was sworn, Appellant raised his *Batson* challenge and requested an evidentiary hearing thereon, which request the trial court granted. At the hearing, Appellant cited Strambler's exclusion from the jury at the hand of the State and sought evidence from the State about why he was struck. The State's attorney then offered himself as a witness and gave the following narrative testimony:

> During the voir dire of the State in this case, I believe right before I concluded I elicited from Mr. Strambler ... that he was a relative of Farris Strambler. The significance of that, for the record, Farris Strambler was a local football star here a few years ago who has since that time been handled by the Midland County District Attorney's Office for two first degree felonies. Although not by me personally, but I remember the armed robbery personally. I looked on the computer during one of the recent breaks before selecting a jury, or forming my strikes, to see that there was also a burglary of a habitation charge against Farris Strambler.
>
> There has been at least one revocation proceeding take place in Farris Strambler's case since being placed on probation in that case and he is currently on probation under intensive supervision.
>
> Then on the defense's voir dire it came out that four jurors indicated that they knew the family, primarily the grandfather of the Defendant, who was apparently well known in certain parts of the community,

particularly ... Strambler, [who] indicated that he knew the Defendant's family.

. . . . .

I would ... testify to the Court that the only reason for the striking of Mr. Strambler was that, as I recited, was that he is a relative of a person presently prosecuted for two first degree felonies by this office and he also is a family friend of the Defendant's family, and race had nothing to do with my striking the juror. I would have struck anyone who indicated that they were close friends with the Defendant's family and, also, had a family member recently prosecuted by this office.

Appellant made no attempt to impeach or otherwise disprove the foregoing testimony and offered no evidence of his own. At the close of the State's attorney's testimony, Appellant merely reurged his *Batson* challenge, which the trial court overruled.

■ It is well established that the State cannot peremptorily challenge a potential juror solely on account of that person's race. The deliberate or purposeful denial of jury participation to citizens because of race violates an accused's rights under the Equal Protection Clause of the United States Constitution. *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The prohibition against exclusion of persons from the jury because of their race is now codified in Article 35.261 of the Texas Code of Criminal Procedure.[1]

■ To establish a prima facie case under Article 35.261, the accused must show purposeful discrimination by establishing that:

(1) he or she is a member of a cognizable racial group;

(2) the State exercised its peremptory challenges to eliminate, from the venire, members of the accused's race; and

(3) the facts and other pertinent occurrences raise an inference that the State used peremptory strikes to exclude venire persons on account of race.

*Henry v. State,* 729 S.W.2d 732, 734 (Tex. Crim.App.1987).

In this case, by requiring the prosecutor to explain why he exercised his peremptory strikes to exclude an African–American venireman, the trial court implicitly found that Appellant made a prima facie showing of purposeful discrimination. *See Miller–El v. State,* 790 S.W.2d 351, 354 (Tex.App.—Dallas 1990, pet. ref'd). Appellant is African–American and, thus, a member of a cognizable racial group. The parties agree the State used one of its peremptory challenges to strike Strambler, who is also African–American. That being true, we must review the trial court's determination that the State did not strike the venireman on the basis of race, which determination was implicit in the trial court's decision to overrule Appellant's *Batson* challenge.

⚡ ■ Once the defendant makes a prima facie showing of purposeful discrimination, the burden shifts to the State to come forward with a neutral explanation for peremptorily challenging minority jurors. The prosecutor must give "clear and reasonably specific explanations of [his] legitimate reasons" for striking the jurors. *Whitsey v. State,* 796 S.W.2d 707, 713 (Tex.Crim.App.

---

1. Article 35.261 reads:
(a) After the parties have delivered their lists to the clerk under Article 35.26 of this code and before the court has impanelled the jury, the defendant may request the court to dismiss the array and call a new array in the case. The court shall grant the motion of a defendant for dismissal of the array if the court determines that the defendant is a member of an identifiable racial group, that the attorney representing the state exercised peremptory challenges for the purpose of excluding persons from the jury on the basis of their race, and that the defendant has offered evidence of relevant facts that tend to show that challenges made by the attorney representing the state were made for reasons based on race. If the defendant establishes a prima facie case, the burden then shifts to the attorney representing the state to give a racially neutral explanation for the challenges. The burden of persuasion remains with the defendant to establish purposeful discrimination.
(b) If the court determines that the attorney representing the state challenged the prospective jurors on the basis of race, the court shall call anew array in the case.
Tex.Code Crim.Proc.Ann. art. 35.261 (Vernon 1989).

1989) (internal quotations omitted) (quoting *Batson*, 476 U.S. at 98 n. 20, 106 S.Ct. at 1724 n. 20). The trial judge must evaluate these explanations in light of the circumstances of the trial to determine whether such reasons are merely a pretext. *Id.* at 713. In reviewing the trial court's decision that the prosecutor exercised his strikes in a sufficiently race neutral manner, we employ the "clearly erroneous" test enunciated in *Whitsey*. *Id.* at 721. In its opinion on rehearing, the Texas Court of Criminal Appeals relied upon, and cited with approval, the explanation of that test as set forth by the United States Supreme Court in *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). *Id.* at 721–22. The *Anderson* Court explained that:

> [a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.

*Anderson*, 470 U.S. at 573, 105 S.Ct. at 1511 (citations omitted).

■ Further, in this, as in any equal protection case, the burden of production, as well as persuasion, remains with the party who is asserting that the prosecutor engaged in a discriminatory process when selecting the jury. The complaining party must prove the existence of purposeful discrimination. *Williams v. State*, 804 S.W.2d 95, 97 (Tex. Crim.App.1991), *cert. denied*, 501 U.S. 1239, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991) (citing *Whitus v. Georgia*, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967)). In Texas, Article 35.261 explicitly states that the burden of persuasion remains with the defendant to establish purposeful discrimination.

Applying the clearly erroneous test, we find that the trial court did not err in its implicit determination that the prosecutor offered racially neutral and objectively verifiable explanations for striking venireman Strambler. The prosecutor's compelling and racially neutral explanations for striking Strambler were not disproved by Appellant, and the trial court did not clearly err in deeming them satisfactory. Accordingly, Appellant's fourth point of error is overruled.

■ In his fifth point of error, Appellant claims the trial court erred by admitting into evidence the photo line-up used to identify him. Appellant claims this evidence should have been excluded under Texas Rule of Criminal Evidence 403 because its probative value was substantially outweighed by considerations of needless presentation of cumulative evidence and because the evidence impermissibly bolstered unimpeached prior testimony. Appellant claims the evidence bolstered and was cumulative of Sara and Keith Newell's testimony that they identified Appellant in a photo line-up, and of a police officer's testimony that Sara Newell had so identified Appellant. We do not address the propriety of its introduction, however, because we find that any error was harmless.

*Landry v. State*, 706 S.W.2d 105 (Tex. Crim.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 242, 93 L.Ed.2d 167 (1986), which ironically is one of only two cases Appellant cites in support of his fifth point of error, presents a virtually identical issue. The defendant in *Landry* challenged the introduction of photographs that made up the line-up which was presented to five eyewitnesses, each of whom testified at trial. The *Landry* Court held the introduction of the photographs improper because it corroborated prior testimony and was needlessly redundant. *Id.* at 109. The Court nonetheless held any error harmless beyond a reasonable doubt because the evidence could not have "added any more credibility to the prior identification testimony." *Landry v. State*, 706 S.W.2d 105, 109.

Although *Landry* does not expressly rely on Rule 403, we find its rationale to be equally applicable to the instant case. Three witnesses testified that Sara and John Newell each identified Appellant in a photo line-up. The introduction of the photos themselves, while arguably improper, added little or nothing to the witnesses' testimony. Thus, we find any error harmless beyond a reasonable doubt, and therefore overrule Appellant's fifth point of error.

Having overruled Appellant's points of error, we affirm the judgment of the trial court.

McCOLLUM, J., not participating.