COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

FRANK LOPEZ,                                                  )

                                                                              )             
No.  08-01-00165-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )            
County Court at Law #4

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )                
(TC# 990C08925)

                                                                              )

 

 

O
P I N I O N

 

This appeal arises
from a misdemeanor charge of driving while intoxicated.  A jury found Appellant Frank Lopez guilty and
the trial court assessed punishment at 180 days=
confinement, probated for 15 months, and a fine of $750, $500 probated.  Appellant now raises two issues for
consideration by this Court:  (1) whether
the trial court erred in admitting a law enforcement officer=s report into evidence; and (2) whether
the prosecution made improper comments during closing argument.  We affirm the conviction.

 








Appellant was pulled
over by a DPS trooper for erratic driving. 
According to Trooper Jeffery Bell, Appellant=s
vehicle was weaving from lane to lane without signaling.  After the trooper approached the car, he
smelled a heavy odor of alcohol coming from inside the vehicle and from
Appellant=s
breath.  He also observed other signs of
intoxication and decided to transport Appellant to the police station to
conduct field sobriety tests.

Appellant failed
or could not perform the field sobriety tests. 
The tests were videotaped and the video was later admitted into evidence
at trial.  Appellant also refused to give
a breath specimen.  The trooper asked
Appellant a standard list of questions and his responses were recorded on the
usual form used by DPS in such situations. 
During this questioning, Appellant admitted that he had been drinking
that evening.

Appellant=s first issue on appeal is related to a
law enforcement report admitted into evidence during the presentation of the
State=s
case.  The report at issue is a
single-page document entitled ADWI
Interview - Standardized Field Sobriety Testing.@  It is a standard form with questions to be
asked by law enforcement officers of DWI suspects.  There are blanks next to each question for
the recording of responses.  There is
also a check list of observations made by the officer contemporaneous with the
suspect=s
performance of three field sobriety tests. 
The form entered into evidence in this case had been completed by
Trooper Bell and included the responses given by Appellant along with the
officer=s
observations.








On direct
examination, the officer testified at length about the questions asked of the
defendant and the tests performed on the night he was arrested.  During his testimony, Trooper Bell mentioned
the checklist of standard inquiries and the form on which Appellant=s responses were recorded.  At a later point, on rebuttal, Trooper Bell
testified he could not remember all of the questions on the form.  The prosecutor then gave the trooper a copy
of the report to refresh his recollection.  No objections were lodged by the
defense.  The trooper then continued to
testify.  Later, the State laid a proper
predicate to admit the document under the recorded recollection
exception to the hearsay rule (803(5)). 
The form was offered into evidence by the State.  The defense objected and the following
exchange took place:

Defense:           However, Your honor, I object to it
because the District Attorney=s
office has taken it upon themselves to change his recording.

 

Prosecutor:       Your Honor, if he does not want to allow
that one, I will have the original, and I will tear it out.  The only alterations that have been done to
that have been highlighted by myself.  I
will offer a copy that has not been highlighted.  Your Honor, was that State=s Exhibit No. 4?

 

The
Court:        State=s
4.

 

Prosecutor:       Your Honor, may I approach the court
reporter?

 

The
Court:        Yes, you may.

 

Defense:           In addition, Your Honor, I make an
objection as to hearsay contained on that document in that that is not in fact
his total complete record, much less that stuff is preprinted and certainly is
not his work product.  [Emphasis
added].

 

The
Court:        Okay.

 

Prosecutor:       Your Honor, may the State reoffer a new
Exhibit 4 with no modifications or changes?

 

The
Court:        In fact, this is an
original; am I correct?

 

Prosecutor:       Yes, sir.








The
Court:        Okay.  Mr. Smith have you seen this original?  It=s
--

 

Defense:           Oh, I have, Your Honor.  I=m
just going to keep on renewing my objections.

 

The
Court:        Your objection is that the
printed language is -- that=s
what you=re
objecting to on the basis of hearsay?

 

Defense:           Certainly it=s
hearsay, Your Honor.

 

The
Court:        That is your only objection
at this time?

 

Prosecutor:       Your Honor, this is a document that he
has personal knowledge of.  All of the
rest of that is surplus.  And they can
see by his markings what=s
meant by total contact [sic] to that.

 

The
Court:        Then your objection is
overruled and State=s Exhibit
No. --

 

Defense:           Your Honor, I=d
also like to take the -- on voir dire, in reference to that document.

 

The
Court:        That will be fine then.  Let=s
go ahead and take the witness on voir dire.

 

Defense:           Thank you, Your Honor.

 








Defense counsel then asked Trooper
Bell several questions related to whether the officer had personal knowledge of
the responses recorded on the form.  It
appears he was attempting to establish that because the responses were elicited
from Appellant, Trooper Bell had no personal knowledge of the truthfulness of
the statements recorded.  The officer
explained the responses recorded on the document were those of Appellant on the
night of the incident.  He essentially
vouched for the accuracy and truthfulness of his recording of the responses,
but not the truthfulness of the response itself.  At the conclusion of this exchange, the
defense attorney stated, AI
renew my objection, Your Honor.@  The court overruled the objection and
admitted State=s Exhibit
4 into evidence.  The exhibit was then
published to the jury.  The State also
used an enlarged copy of the exhibit for demonstrative purposes only.

Appellant now
complains on appeal the trial court erred in admitting this document into
evidence and allowing it to be taken into the jury room contrary to the Texas
Rules of Evidence 803(8) and 803(5). 
Appellant argues the report amounted to inadmissible hearsay and was
harmful in that it improperly bolstered Trooper Bell=s
testimony that he was driving while intoxicated.

Texas Rule of
Evidence 803 provides exceptions to the general hearsay rule.  Tex.R.Evid.  803. 
Rule 803(8) relates specifically to public records and reports.  It provides:

(8)        Public Records and Reports.  Records, reports, statements, or data
compilations, in any form, of public offices or agencies setting forth:  

 

(A) the activities of the office or
agency;

 

(B) matters observed pursuant to duty
imposed by law as to which matter there was a duty to report, excluding in
criminal cases matters observed by police officers and other law enforcement
personnel; or

 

(C) in civil cases as to any party and
in criminal cases as against the state, factual findings resulting from an
investigation made pursuant to authority granted by law;

unless the sources of information or
other circumstances indicate lack of trustworthiness.  [Emphasis added].

 








Tex.R.Evid.
803(8).  Appellant argues because State=s Exhibit 4 was a law enforcement
report and included matters observed by Trooper Bell, it should be excluded as
hearsay.  However, this argument was not
raised at trial.  At trial, Appellant
objected that the document Acontained
hearsay@ Ain that that is not in fact his total
complete record@ and
parts of the document were Apreprinted@ and not part of the officer=s Awork
product.@  As the record clearly indicates, Appellant
never objected to the admission of State=s
Exhibit 4 on the basis of Rule 803(8).

To preserve error
for review on appeal, a defendant must object in a timely and specific manner
at trial.  Tex.R.App.P. 33.1(a); Thomas v. State, 723 S.W.2d 696,
700 (Tex.Crim.App. 1986); Clemons v. State, 893 S.W.2d 212, 216
(Tex.App.--El Paso 1995, no pet.). 
Further, the objection made at trial must comport with the complaint
made on appeal.  Id.; Hodge v.
State, 631 S.W.2d 754, 757 (Tex.Crim.App. 1982).  If the complaint on appeal asserts a
different legal theory or basis for objection than that raised at trial, the
appellant fails to preserve any issue for review.  Dixon v. State, 2 S.W.3d 263, 265
(Tex.Crim.App. 1998); Rezac v. State, 782 S.W.2d 869, 870 (Tex.Crim.App.
1990).

In this case,
Appellant failed to object to admission of State=s
Exhibit 4 on the basis of Rule 803(8) at trial.  Nothing is preserved for review and we
decline to address the merits of Appellant=s
claim on this basis.  Thomas, 723
S.W.2d at 700; Davila v. State, 930 S.W.2d 641, 650 (Tex.App.--El Paso
1996, pet. ref=d).

Appellant also
asserts error occurred when State=s
Exhibit 4, admitted under the recorded recollection exception to the general
hearsay rule, was taken into the jury room in violation of
Rule 803(5).  Texas Rule of Evidence
803(5) provides:

(5)              
Recorded Recollection. 
A memorandum or record concerning a matter about which a witness once
had personal knowledge but now has insufficient recollection to enable the
witness to testify fully and accurately, shown to have been made or adopted by
the witness when the matter was fresh in the witness=
memory and to reflect that knowledge correctly, unless the circumstances of
preparation cast doubt on the document=s
trustworthiness.  If admitted, the memorandum
or record may be read into evidence but may not itself be received as an
exhibit unless offered by an adverse party. 
[Emphasis added].

 








Tex.R.Evid.
803(5).

 

As with our
previous discussion related to Rule 803(8), the record does not reflect an
objection by defense counsel on the basis of a Rule 803(5) violation.  Therefore, Appellant=s
objections at trial do not correspond with his issues raised on appeal.  Thomas, 723 S.W.2d at 700; Davila,
930 S.W.2d at 650.  Further, there is
also nothing in the record establishing whether or not State=s Exhibit 4 was in fact taken into the
jury room.  Appellant states in his reply
brief the exhibit was improperly taken into the jury room, but offers no
supporting evidence for this assertion. 
Finding nothing in the record to uphold this contention and no related
objection at trial, the appellant has failed to preserve this issue for
review.  Tex.R.App.P. 33.1(a); Dixon, 2 S.W.3d at 265.  Appellant=s
first issue on appeal is overruled.

With his second
issue, Appellant argues the prosecutor made improper statements during closing
argument.  In particular, Appellant takes
exception to the assistant district attorney=s
statement that AI got
this case, I looked at it, evaluated it, and thought it was good to go.@ 
Appellant contends this is an improper comment in that it
inappropriately injects the prosecutor=s
personal opinion and expertise into the case.

During the State=s closing argument, the following took
place:

Prosecutor:       Ladies and gentlemen, Trooper Bell did
his job.  And a lot of times we=re at home, open a newspaper, look at
the TV and hear about DWIs.  And I=d be there; >Man,
I wish somebody would do something about this problem.=  Well, Trooper Bell did something.  He pulled this gentleman over.  He made a determination that he was driving while
intoxicated.








Our office got the
case, screened, and -- the District Attorney would then screen and look at the
case and said, >Yeah,
we need to go forward on this.=  This case came to me.  I looked at this case. I --

 

Defense:           Objection, Your Honor, improper
jury argument as to anything that the prosecution=s
done.  It=s
not evidence.  He=s supposed to argue evidence from the
case, Your Honor, with common sense history and the court=s charge.

 

Prosecution:      Your Honor there=s
a long line --

 

Defense:           I mean, what he=s doing in his office is --

 

The
Court:        Ladies and gentlemen --

 

Defense:           It=s
also misstatements of facts because he hasn=t
been here for two years.

 

Prosecutor:       I know.

 

The
Court:        I=ll
overrule your objection.  Ladies and
gentlemen, this is jury--

 

Defense:           Thank you, Your Honor.

 

The
Court:        -- argument and you are to
consider the facts and the evidence presented and the law that I instruct you
on in rendering a verdict.

Thank you.  Go ahead and proceed.

 

Prosecutor:       Ladies and gentlemen, when I got the
case, I looked at it, evaluated it, and thought it was good to go.  There=s
one more link here, and that=s
you.  I can=t
do anything beyond this point.  Trooper
Bell can=t do
anything beyond this point.  Our people
in screening can=t do
anything beyond this point.  So I=m asking you, respectfully and humbly,
remember the testimony of Officer Bell. 
Remember his experience, remember his expertise, remember his
evaluation.  And take a good look at that
video.

Now, like I said, >God, I wish that we had a video that
from the second he thought there was a DWI, that he could have turned that on.= 
But you heard him testify, >I
don=t have an on-and-off button.  When I turn the lights on, that=s when that video camera goes on.=








And after you think
about all of that evidence, and after you watch that video over and over in the
jury room, there, I am hoping that you are going to do the right thing and find
this defendant guilty of driving while intoxicated.  [Emphasis added].

 

In order to
preserve error for review, a defendant must make a timely and specific
objection to the State=s
improper jury argument.  Tex.R.Evid. 103(a)(1); Cockrell v.
State, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996), cert. denied, 520
U.S. 1173, 117 S.Ct. 1442, 137 L.Ed.2d 548 (1997); Nixon v. State, 940
S.W.2d 687, 693 (Tex.App.-- El Paso 1996, pet. ref=d);
see also, Valdez v. State, 2 S.W.3d 518, 522 (Tex.App.--Houston [14th
Dist.] 1999, pet. ref=d)(finding
that appellant had failed to preserve error for review because he failed to
object each time the State characterized him as a pedophile).  The issue on appeal must also be the same as
the objection raised at trial.  Tex.R.App.P. 33.1(a); Bouchillon v.
State, 540 S.W.2d 319, 322 (Tex.Crim.App. 1976); Davila, 930 S.W.2d
at 650.  If the trial objection and the
appellate argument are mismatched, no issue will be preserved for review.  Coffey v. State, 796 S.W.2d 175, 179-180
(Tex.Crim.App. 1990); Maldonado v. State, 902 S.W.2d 708, 711
(Tex.App.--El Paso 1995, no pet.).  








At the time the
complained-of comment was made by the prosecutor, defense counsel lodged no
objection.  In his reply brief, Appellant
argues the defense objection made earlier in the State=s
argument preserves error for the later complained-of comment.  Assuming arguendo defense counsel=s objection is timely as to the
complained of comment, we consider the objection lodged.  The basis for the objection at trial was that
it is inappropriate for the State to mention Aanything
that the prosecution=s
done@ because
it does not constitute evidence. 
Appellant=s
attorney also argued the prosecutor had misstated facts related to his personal
involvement with the case.  Appellant now
argues on appeal that the prosecutor inappropriately injected his own opinion
into the case.  Because the issue on
appeal varies from the objection lodged at trial, nothing is presented for
review.  Coffey, 796 S.W.2d at
179-80; Bouchillon, 540 S.W.2d at 322. 
Accordingly, Appellant=s
second issue on appeal is overruled. 

None of the issues
raised for consideration by this Court have been properly preserved for
review.  Appellant=s
issues on appeal are overruled.  We
affirm the judgment of the trial court.

 

 

 

July
25, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 5

McClure, J., Chew, J., and Preslar, C.J. (Ret.)

Preslar, C.J., (Ret.)(Sitting by assignment)

 

(Do Not Publish)