David Rodriguez LEYVA, a/k/a David Leyva Rodriguez, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–91–00175–CR.

Court of Appeals of Texas, El Paso.

Oct. 28, 1992.

Rehearing Overruled Nov. 25, 1992.

---

Richard R. Alvarado, Odessa, for appellant.

J.W. Johnson, Jr., Dist. Atty., 112th Judicial Dist., Ft. Stockton, for State/appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a conviction for aggravated possession of marihuana in an amount over 200 pounds. Trial was by jury. Upon a finding of guilty, the jury assessed punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice and a fine of $100,000. In a single point of error, Appellant attacks the judgment of conviction. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

The record establishes that at approximately 7:45 a.m. on March 30, 1988, Appel-

lant, David Rodriguez Leyva, a/k/a/ David Leyva Rodriguez, was traveling eastbound on Texas Highway 90 in Brewster County, Texas, driving a pickup truck hauling a stock trailer loaded with calves. Appellant was observed by Guillermo Morales, Jr., then an agent with the anti-smuggling unit of the United States Border Patrol, who was likewise traveling east on Highway 90. The record establishes that Agent Morales noticed that the calves in the stock trailer appeared to be standing higher in the trailer than customary and that he did not think that they were calves "with longer legs." A registration check was made on Appellant's vehicle which revealed Appellant's identity, the fact that he was a resident of Odessa, Texas as well as the fact that the pickup truck hauling the calves was registered to Appellant, David Leyva. Agent Morales further testified that as he continued eastbound on Highway 90 traveling in front of Appellant, he reduced his speed from approximately 40 or 45 m.p.h. to 20 to 25 m.p.h., and noticed that Appellant made no effort to pass until he began traveling too slowly. Agent Morales testified that after Appellant turned north onto Texas Highway 67 toward Fort Stockton, he made radio contact with Trooper Zeke Rodarte of the Texas Department of Public Safety, who along with another trooper was conducting a routine driver's license and safety equipment check southwest of Fort Stockton.

Trooper Rodarte was called as a witness to testify and stated that he had occasion to stop Appellant at the driver's license check, and having been previously advised about the suspicious behavior of Appellant as well as the curious nature of his load of calves, asked Appellant to produce his driver's license and proof of insurance. While waiting for the requested documents, a status check was conducted of Appellant which revealed the existence of outstanding traffic warrants. Consent to search was requested and obtained by Trooper Rodarte.[1] The search ultimately revealed

---

1. The record reveals that Appellant executed a written consent to search his vehicle which was printed in his native language, i.e., Spanish.

the existence of a false compartment in the trailer in which was located 316 pounds of marihuana. Trooper Rodarte further testified that a registration check of the stock trailer revealed that the trailer was not registered; however, the check did reveal that the stock trailer displayed fictitious license plates which were registered to David R. Leyva, an alias used by Appellant.

## II. DISCUSSION

In his sole point of error, Appellant asserts that there is insufficient evidence to support his conviction of aggravated possession of marijuana in an amount in excess of 200 pounds. In reviewing the sufficiency of the evidence, this Court is constrained to view the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could find the essential elements of the offense, as alleged in the application paragraph of the charge to the jury, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 159 (Tex.Crim.App.1991); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Humason v. State*, 728 S.W.2d 363, 366 (Tex.Crim.App.1987). The role of this Appellate Court is not to ascertain whether the evidence establishes guilt beyond a reasonable doubt. *Stoker v. State*, 788 S.W.2d 1, 6 (Tex.Crim.App.1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). On review, this Court does not resolve any conflict in fact, weigh any evidence nor evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury trial will be given great deference. *See Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App.1991); *Bennett v. State*, 831 S.W.2d 20 (Tex.App.—El Paso 1992, no pet.); *Schofield v. State*, 658 S.W.2d 209 (Tex.App.—El Paso 1983, no pet.). Instead, it is this Court's duty only to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in a light most favorable to the verdict. *Adelman*, 828 S.W.2d at 421–22. In so doing, any inconsistencies in the evidence will be resolved in favor of the verdict. *Matson*, 819 S.W.2d at 843, *quoting Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim. App.1988).

In the instant case, the application paragraph of the charge instructed the jury to find Appellant guilty only if they believed beyond a reasonable doubt that:

> DAVID RODRIGUEZ LEYVA, A/K/A DAVID LEYVA RODRIGUEZ, did intentionally or knowingly possess a usable quantity of marihuana of two thousand (2000) pounds or less but more than two hundred pounds (200).... [2]

In order to support a conviction for unlawful possession of marihuana, there must be evidence that the accused: (1) exercised care, control or management over the contraband; and (2) knew the substance possessed was contraband. *See Garcia*, slip op. at 7 and citations therein. In that regard, the State's evidence must affirmatively link the accused to the contraband. That affirmative link may be accomplished by establishing facts and circumstances from which a reasonable inference indicates the existence of such knowledge and control. *See Dubry v. State*, 582 S.W.2d 841, 843 (Tex.Crim.App.1979).

We have carefully reviewed the record, and find, as noted above, that the evidence illustrates that in the morning hours of March 30, 1988, Border Patrol Agent Morales, assigned to the anti-smuggling unit and driving an unmarked vehicle, detected Appellant pulling a trailer loaded with calves, in which calves in the front of the trailer were standing taller than those in the rear. A registration check revealed Appellant, David Leyva, was the registered owner of the pickup truck hauling the trailer. Agent Morales stated that as he passed Appellant, Appellant continued to look at him, finding those actions odd. Ap-

---

2. We note that the trial court, in the charge to the jury, correctly defined the terms "possession" and "knowingly". *See generally, Garcia v.* *State*, No. 683–90, 1992 WL 116312 (Tex.Crim. App. June 3, 1992).

pellant was stopped at a routine driver's license and safety equipment checkpoint by troopers of the Texas Department of Public Safety, who having been previously informed by Agent Morales of Appellant's suspicious behavior as well as the suspicious load in the trailer, requested production of the required driver license and proof of insurance. The record further establishes that Trooper Zeke Rodarte detected Appellant as becoming increasingly nervous and thus requested a status-and-wanted to check on Appellant and that Appellant was in fact wanted on outstanding traffic warrants. Trooper Rodarte testified that Appellant advised him that he had loaded the calves in Presidio, Texas that morning although Appellant's clothing did not appear as if he had been around cattle.

The record further established that a consensual search of Appellant's vehicles revealed that the floor of Appellant's trailer was made of sheet metal and not wooden slats as is customary.[3] Further, the record shows that the cattle were standing at a level higher than the normal floor level of the trailer. Examination of Appellant's trailer revealed a hidden compartment, or false floor, the gap of which was approximately eight inches between the sheet metal floor and the actual floor of the trailer. Located within the false floor of Appellant's trailer was 316 pounds of carefully packaged marijuana. Finally, a registration check of the trailer revealed that it was not registered and that the license plates on the trailer were issued to David R. Leyva, an alias used by Appellant. The license plates issued to David R. Leyva, however, were fictitious as to the trailer.

Appellant asserts that although the trier of fact could conclude that he exercised care, custody, control or management over the stock trailer which bore license plates registered in his name, a rational trier of fact could just as well conclude that Appel-

lant was completely unaware of the presence of the marijuana.

■ Appellant argues the evidence to prove his knowledge of the presence of marihuana is insufficient to exclude all reasonable hypotheses other than his guilt. *See Goff v. State*, 777 S.W.2d 418, 420 (Tex.Crim.App.1989). *See also Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App. 1983) (motion for rehearing).[4] In excluding other reasonable hypotheses, every fact need not point directly to Appellant's guilt; rather, it is sufficient if the finding of guilt "is warranted by the combined and cumulative force of all the incriminating circumstances." *Gribble v. State*, 808 S.W.2d 65, 74 (Tex.Crim.App.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2856, 115 L.Ed.2d 1023 (1991). *See also Garcia*, slip op. at 8. To support the above argument, Appellant contends that no evidence was presented to the trier of fact that he knowingly or intentionally possessed marihuana other than the testimony of the arresting officers that Appellant was driving his truck, alone, and thus present near the controlled substance. Appellant contends that no testimony was presented that Appellant had sole access to the stock trailer which contained marihuana in the false compartment. Since nothing in the record indicates someone other than Appellant was the owner of the unregistered trailer, and that the trailer bore license plates registered to Appellant, under an alias, we conclude that the hypothesis that Appellant was unaware of the false compartment located in the trailer, and in particular the existence of marihuana in that false compartment, is not consistent with the circumstances and facts that were proven and, thus, the hypothesis is not reasonable. Therefore, the alleged "hypothesis" is nothing more than an unsubstantiated conclusion. *Garcia*, slip op. at 9 n. 10. Without evidence to support Appellant's contention, the mere suggestion of "unawareness" will not render the evidence

---

**3.** The record establishes that most floors of horse or stock trailers have wooden floors with boards approximately two inches thick with spaces between the floor boards in order to permit animal waste to fall through.

**4.** We note, however, that the Court of Criminal Appeals has recently overruled *Carlsen* and, prospectively only, disavowed application of the reasonable hypothesis test. *Geesa*, 820 S.W.2d at 159, 163.

insufficient. *Id.* Furthermore, Appellant's unsettled demeanor at the scene of his arrest, as well as the inconsistency between his assertion that he had worked with cattle that very morning and the condition of his clothing, both packed and on his person, combined with the other evidence presented, as delineated above, is sufficient to raise a reasonable inference of Appellant's knowledge and control of the contraband thereby establishing the necessary affirmative link. *Bass v. State*, 830 S.W.2d 142, 146 (Tex.App.—Houston [14th Dist.] 1992, pet. filed).

We have reviewed the record before us, carefully looking at all the evidence in the light most favorable to the judgment, and find that the jury in the instant case, as rational triers of fact, could have found each of the necessary elements beyond a reasonable doubt that the Appellant did commit the offense of possession of marijuana. Accordingly, Appellant's sole point of error is overruled.

Having overruled Appellant's sole point of error, the judgment of the trial court is affirmed.