COURT OF APPEALS









 

COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 MICHAEL ROBERT
 BUZICK,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-01-00290-CR
  
 Appeal from the
  
 112th District Court
  
 of Crockett County, Texas
  
 (TC# 2110)
 
 




 

 

O P I N I O N

 

This is an appeal from a jury
conviction for three counts of credit card abuse.  The jury assessed punishment at two (2) years= confinement on each count in the
State Jail Division of the Texas Department of Criminal Justice and a $5,000
fine.  We affirm.

I.  SUMMARY OF THE EVIDENCE








At trial, the State utilized the
testimony of Katharine Russell.  A widow,
she testified that she had lived in Ozona, Texas for over fifty years.  Russell stated that she still maintained her
credit cards in her deceased husband=s name.  On July 31, 2000, she was employed as a
secretary at the Ozona United Methodist Church. 
That morning Appellant entered her office in the church and asked for
assistance.  She told Appellant that she
could not give him gas money but that she could give him some food.  Appellant stated that he was going to
Colorado and he needed food for one person. 
She gave him food for two people given the long distance to
Colorado.  When she went to get the food
in the kitchen, she asked Appellant to accompany her.  In the hallway he asked to use the
restroom.  She pointed out its location
and she proceeded to the kitchen.  When
she returned, Appellant was standing in her office in front of her desk.  She gave Appellant the food and he hurriedly
left the church.  

Russell then started to prepare a
bank deposit and she noticed that her purse was open and her billfold was
missing.  She went home to see if she had
left it on her bed.  When she could not
find the billfold, she reported to the Sheriff=s Department that it had been
stolen.  The billfold contained several
credit cards, personal documents, and forty-five dollars in cash.  Russell testified that while she occasionally
allowed her children to buy gasoline with the credit cards, no one except
herself was authorized to use her credit cards. 
She did not authorize the purchase of beer and cigarettes on any of her
credit cards.  

Melinda Galindo testified that she
worked at the Maness Texaco station in Ozona. 
On July 31, 2000, Appellant entered the business and bought beer, ice,
cigarettes, and some sunglasses with a Texaco credit card.  During her testimony, the State introduced a
video tape taken in the store when Appellant made the purchases.  In this tape, Appellant is shown purchasing
the items and charging them on the credit card. 


Lynn Mannes,
an owner of Maness Texaco station, also observed Appellant make the
purchases.  She testified that Appellant
paid with a credit card and he signed the name of George Russell.  She also observed Appellant leave in a maroon
pickup truck with an attached camper shell. 









Officer William Richard Dudley of the
Sonora, Texas police department testified that during the morning of July 31,
2000, he received a call to provide welfare assistance to Appellant.  He met with Appellant at the police station
and he checked out Appellant driver=s license and vehicle records.  These inquiries indicated that the 1988 Ford
pickup belonged to Appellant and Appellant was not currently wanted for any
offense.  Dudley then arranged for
Appellant to purchase ten dollars worth of gasoline through the auspices of a
local charitable organization.  

Deputy Lyndon English of the Crockett
County Sheriff=s Department testified that he interviewed
Katharine Russell after she reported her billfold missing.  Based upon Russell=s description of Appellant and his
vehicle and a phone conversation with Officer Dudley, English notified
officials in the surrounding counties to look for the maroon colored vehicle.  Dudley had told English that Appellant had
been in Sonora earlier.  Sonora is East
of Ozona.  He then obtained arrest
warrants for Appellant.  While he
searched for Appellant, he learned that two credit cards were found on the side
of the highway just west of Ozona on Loop 466. 
He then started searching near the 350 mile marker on the highway.  This location is fifteen miles West of Ozona.  English received a call indicating that an
accident had occurred at the 341 mile marker involving a maroon vehicle.  This location was nine miles further West from the 350 mile marker.  When he got to the 341 mile marker, he did
not find an accident.  On his way, he had
passed a maroon pickup but he could not stop the vehicle as he had to determine
if the accident had occurred.  He then
caught up with the maroon vehicle and stopped it.  He arrested Appellant.  








English inquired if Appellant had
been involved in an accident and Appellant responded that he had only stopped
to clear out his front-seat to make room for a hitchhiker.  There was a hitchhiker in the truck named
Jeffrey Landrum Bowen.  A search of the
vehicle resulted in the officers finding, among other things, a carton of
cigarettes, beer, and a duffel bag containing a Texaco credit card belonging to
Katharine Russell.  Forty-five dollars in
cash was found in a pocket on the driver=s side door.  

English testified that he knew the
hitchhiker as AHarry.@ 
He had spent the previous night in the Crockett County Jail pursuant to
a service provided to transients. 
English stated that this individual had been taken West of Ozona earlier
that morning by another deputy.  However,
English stated that he did not know where Appellant actually picked up the
hitchhiker.  

Appellant testified in his own defense.  He stated that on July 31, 2000, he was
driving toward Ozona from the East and he picked up a hitchhiker at a truck
stop.  This man stated that his name was
Harry and he was from Ozona.  Appellant
told Harry that he was going to try to get some assistance for gas money in
Ozona.  Appellant related that he went
into the church to seek assistance and Harry waited in the truck.  A woman at the church stated that she could
give him some food and he asked to use the restroom while she went to the
kitchen.  He waited just outside her
office awaiting her return.  He took the
food and joined Harry who was waiting in the truck.  Harry informed Appellant that he knew Mrs.
Russell and that he had gotten assistance to get some gas.  Harry had possession of her credit cards and
told him to sign with the name George Russell. 
After purchasing the items in the store, Appellant returned the credit
cards and the receipts to Harry. 
Appellant testified that he thought he had authorization to sign the
credit card receipts.








II.  DISCUSSION

In his sole issue, Appellant
maintains that the evidence was legally and factually insufficient to support
the conviction.  Specifically, Appellant
asserts that the State never established that Katharine Russell did not
authorize the hitchhiker, Jeffrey Landrum Bowen, to use her credit cards.  Further, Appellant reasons that even if such
lack of authorization was established, the State did not demonstrate that
Appellant acted in concert with Bowen.  

In reviewing the legal sufficiency of
the evidence, we are constrained to view the evidence in the light most
favorable to the judgment to determine whether any rational trier
of fact could find the essential elements of the offense, as alleged in the
application paragraph of the charge to the jury, beyond a reasonable
doubt.  Jackson v.
Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d
560 (1979); Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989); Humason
v. State, 728 S.W.2d 363, 366 (Tex. Crim. App.
1987).  More particularly, sufficiency
of the evidence should be measured by the elements of the offense as defined by
the hypothetically correct jury charge for the case.  Malik v. State, 953 S.W.2d 234, 239-40 (Tex. Crim.
App. 1997).








Our role is not to ascertain whether
the evidence establishes guilt beyond a reasonable doubt.  Stoker v. State, 788 S.W.2d 1, 6 (Tex.
Crim. App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v.
State, 836 S.W.2d 700, 702 (Tex. App.‑‑El Paso 1992, pet. ref'd).  We do not resolve
any conflict in fact, weigh any evidence or evaluate the credibility of any
witnesses, and thus, the fact‑finding results of a criminal jury trial
are given great deference.  Menchaca v. State, 901 S.W.2d 640, 650-52
(Tex. App.‑-El Paso 1995, pet. ref=d); Adelman
v. State, 828 S.W.2d 418, 421 (Tex. Crim. App.
1992); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim.
App. 1991); Leyva v. State, 840 S.W.2d
757, 759 (Tex. App.‑‑El Paso 1992, pet. ref'd);
Bennett v. State, 831 S.W.2d 20, 22 (Tex. App.‑‑El Paso
1992, no pet.).  Instead, our only duty
is to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence
admitted at trial in the light most favorable to the verdict.  Adelman, 828 S.W.2d at 421‑22. 
In so doing, we resolve any inconsistencies in the evidence in favor of
the verdict.  Matson, 819 S.W.2d
at 843, (quoting  Moreno
v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988)).  The trier
of fact, not the appellate court, is free to accept or reject all or any
portion of any witness's testimony.  Belton v. State, 900 S.W.2d 886, 897 (Tex. App.--El Paso
1995, pet. ref=d).

Lack of consent is an essential
element of the offense of credit card abuse. 
Harrell v. State, 852 S.W.2d 521, 524 (Tex. Crim. App. 1993). 
In the present case, viewing the evidence in the light most favorable to
the verdict, we find that the evidence is legally sufficient to support the
conviction.  It was the jury=s function to either believe or
disbelieve Appellant=s assertion that Bowen was in the truck and actually took the
billfold while Appellant was in the bathroom. 
There was some evidence that Appellant picked up Bowen after he left
Sonora.  Further, Katharine Russell
testified that she did not give anyone permission to utilize her credit cards
to purchase the items in question. 
Accordingly, the evidence is legally sufficient to support the
conviction.








Regarding Appellant=s contention that the evidence was
factually insufficient to support the conviction, when conducting a review of
the factual sufficiency of the evidence, we consider all of the evidence, but
we do not view it in the light most favorable to the verdict.  Clewis
v. State, 922 S.W.2
126, 129 (Tex. Crim. App. 1996); Levario, 964 S.W.2d. 290, 295 (Tex. App.--El Paso 1997, no pet.).  We review the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compare it with the
evidence that tends to disprove that fact. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000); Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997).  A defendant challenging the factual
sufficiency of the evidence may allege that the evidence is so
weak as to be clearly wrong and manifestly unjust, or in a case where the
defendant has offered contrary evidence, he may argue that the finding of guilt
is against the great weight and preponderance of the evidence.  See Johnson, 23
S.W.3d at 11.  Although we are
authorized to set aside the fact finder's determination under either of these
two circumstances, our review must employ appropriate deference and should not
intrude upon the fact finder's role as the sole judge of the weight and
credibility given to any evidence presented at trial.  See Johnson, 23
S.W.3d at 7.  We are not free to
reweigh the evidence and set aside a verdict merely because we feel that a
different result is more reasonable.  Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997); Clewis, 922 S.W.2d at 135.








In this case we do not find that the
evidence is against the great weight and preponderance of the evidence.  As stated, while Appellant did present
evidence that Bowen took the credit cards and misrepresented his authorization
to use the cards, there was also some evidence that Bowen was not in the
vehicle.  Further, the jury was free to
disbelieve the rather unlikely scenario that Bowen was given the card and that
both were then free to continue their journey away from Sonora.  We find that the evidence is factually
sufficient to support the conviction. 
Accordingly, Appellant=s sole issue is overruled. 
We affirm the judgment of the trial court.

January
16, 2002

 

 

STEPHEN F. PRESLAR, Chief Justice (Ret.)

 

Before
Panel No. 5

McClure, J., Chew, J., and Preslar,
C.J. (Ret.)

Preslar,
C.J. (Ret.) sitting by assignment

 

(Do
Not Publish)