Criminal Case Template














COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





DAVID PATRICK O'CONNER,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-03-00035-CR


Appeal from the


County Criminal Court


of Dallas County, Texas


(TC# MB01-22438-H)



M E M O R AN D U M O P I N I O N



 This is an appeal from a conviction for the offense of driving while intoxicated. 
Appellant pleaded not guilty to the court. Upon finding Appellant guilty, the court assessed
punishment at two (2) years' probation and a fine of $600. We affirm the judgment of the
trial court.

I. SUMMARY OF THE EVIDENCE


 At trial, B.W. Thornton, a trooper with the Texas Department of Public Safety,
testified that on October 14, 2001 at approximately 12:20 a.m. he observed a black Infinity
vehicle speeding on the North Dallas Turnpike. The vehicle was traveling seventy-two miles
per hour on a highway where the posted speed limit was fifty-five miles per hour. After
Trooper Thornton stopped the vehicle, he approached and smelled the strong odor of an
alcoholic beverage. Appellant was driving the vehicle. When asked, he stated that he was
speeding in response to an emergency, but he retracted that statement. It appeared to
Thornton that Appellant was trying not to speak as his speech was slurred and his eyes were
bloodshot. It also appeared that his clothing had been soiled by spilling an alcoholic
beverage. His breath smelled of alcohol. When Appellant was outside the vehicle, his
balance was unsteady. He refused to perform any field sobriety tests. There was a can of
beer in the map pocket behind the driver's seat and the backseat and floorboard carpet had
liquid on it. Thornton informed Appellant that he was in violation of the open container law. 
Appellant admitted to Thornton that he had consumed three glasses of wine. Thornton
testified that in his opinion Appellant was intoxicated and had lost the normal use of his
mental and physical faculties by introducing alcohol into his system. Appellant asked to
speak to an attorney. 

 Appellant's wife was in the vehicle sitting in the front passenger seat when Trooper
Thornton stopped them. At the police station, she was released to her attorney. Appellant
was taken down to the intoxilizer room where he sat still and refused to do any tests. 

 Appellant presented the testimony of Joseph Thomas Wunderlick who was a long term
friend of Appellant. He was attending a wedding reception on the evening prior to
Appellant's detention. Appellant and his wife were also in attendance. Wunderlick testified
that Appellant had a good reputation for being truthful and law-abiding and both he and his
wife were responsible drinkers. Appellant was drinking wine at the reception but
Wunderlick did not know how much he had to drink. The witness stated that since
Appellant's marriage, he had not seen Appellant in an intoxicated state.

 The defense also utilized the testimony of Cristin Chicorelli, a lawyer and former
prosecutor. She had known Appellant since high school. On the night of the incident, she
received a call from Appellant's wife concerning his detention. The witness testified that she
had seen Appellant in an intoxicated state on prior occasions. She stated that Appellant did
not seem to be intoxicated at the scene of the arrest. 

 Appellant testified in his own behalf. He stated that he and his wife had attended a
wedding reception on October 14. His wife took a beer and a styrofoam cup from their house
and drank some of it on the way to the wedding and left the beer and the cup in the car. At
the reception, he sat with Tom Wunderlick for most of the reception. He ate salad, chicken
fingers and stuffed mushrooms. He had three glasses of wine. On the way home he was
stopped for speeding. Appellant testified that he did not spill a drink on his suit although
there might have been some honey mustard dressing on the garment. Appellant stated that
he was not intoxicated when he was pulled over. 




II. DISCUSSION


 In Appellant's sole issue, he maintains that the evidence was insufficient to support
the conviction. (1)
 In reviewing the legal sufficiency of the evidence, we are constrained to
view the evidence in the light most favorable to the judgment to determine whether any
rational trier of fact could find the essential elements of the offense, as alleged in the
application paragraph of the charge to the jury, beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler v. State, 769 S.W.2d
234, 239 (Tex. Crim. App. 1989); Humason v. State, 728 S.W.2d 363, 366 (Tex. Crim. App.
1987). More particularly, sufficiency of the evidence should be measured by the elements
of the offense as defined by the hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997).

 Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex. App.--El
Paso 1992, pet. ref'd). We do not resolve any conflict in fact, weigh any evidence or evaluate
the credibility of any witnesses, and thus, the fact-finding results of a criminal jury trial are
given great deference. Menchaca v. State, 901 S.W.2d 640, 650-52 (Tex. App.--El Paso
1995, pet. ref'd); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson
v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); Leyva v. State, 840 S.W.2d 757, 759
(Tex. App.--El Paso 1992, pet. ref'd); Bennett v. State, 831 S.W.2d 20, 22 (Tex. App.--El
Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit and implicit
findings of the trier of fact are rational by viewing all the evidence admitted at trial in the
light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing, we resolve
any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d at 843,
(qouting Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)). The trier of fact,
not the appellate court, is free to accept or reject all or any portion of any witness's testimony. 
Belton v. State, 900 S.W.2d 886, 897 (Tex. App.--El Paso 1995, pet. ref'd).

 Viewing the evidence in the light most favorable to the verdict, the testimony
indicated that when Appellant was stopped, he exhibited a strong odor of alcohol, his speech
was hesitant and slurred, his clothing was soiled, his eyes were bloodshot, his balance was
unsteady, and he had an open can of beer in his car. Thornton also believed that Appellant
was intentionally trying to hide his slurred speech and he altered his story concerning the
emergency nature of his speeding. Thornton testified that he thought Appellant was
intoxicated. We find that the evidence was legally sufficient to support the conviction. See
Annis v. State, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979).

 When conducting a review of the factual sufficiency of the evidence, we consider all
of the evidence, but we do not view it in the light most favorable to the verdict. Clewis v.
State, 922 S.W.2 126, 129 (Tex. Crim. App. 1996); Levario, 964 S.W.2d. 290, 295 (Tex.
App.--El Paso 1997, no pet.). We review the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compare it with the evidence that
tends to disprove that fact. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 832, 118 S.Ct.
100, 139 L.Ed.2d 54 (1997). A defendant challenging the factual sufficiency of the evidence
may allege that the evidence is so weak as to be clearly wrong and manifestly unjust, or in
a case where the defendant has offered contrary evidence, he may argue that the finding of
guilt is against the great weight and preponderance of the evidence. See Johnson, 23 S.W.3d
at 11. Although we are authorized to set aside the fact finder's determination under either of
these two circumstances, our review must employ appropriate deference and should not
intrude upon the fact finder's role as the sole judge of the weight and credibility given to any
evidence presented at trial. See Johnson, 23 S.W.3d at 7. We are not free to reweigh the
evidence and set aside a verdict merely because we feel that a different result is more
reasonable. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d
at 135.

 Appellant presented the testimony of three witnesses. Both Wunderlick and Chicorelli
testified they did not believe Appellant was intoxicated. However, Wunderlick's testimony
did not take into account the fact that Appellant could well have been drinking in the car after
the reception. Chicorelli only observed Appellant while he was seated in the police car. 
Appellant's testimony that he was not intoxicated combined with the other defense testimony
does not outweigh the evidence of guilt. Accordingly, Issue No. One is overruled.

 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial
court.

June 17, 2004


 RICHARD BARAJAS, Chief Justice



Before Panel No. 2

Barajas, C.J., McClure and Chew, JJ.


(Do Not Publish)

1. Appellant does not specify whether he is complaining about legal insufficiency, factual insufficiency, or
both. The prayer in his brief asks us to reverse and enter a judgment of acquittal or to reverse and remand for a new
trial, suggesting he seeks a review of both legal and factual sufficiency. His arguments and the cases he cites pertain
to both legal and factual sufficiency. Nonetheless, we will analyze the evidence for both legal and factual
insufficiency.