Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JUAN CORRALES,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00104-CR

Appeal from the

168th District Court

of El Paso County, Texas

(TC# 20010D01304)




O P I N I O N

           This is an appeal from a jury conviction for the offense of possession of marihuana
in the amount of less than 2,000 pounds but more than 50 pounds. The jury assessed
punishment at ten years’ community supervision and a fine of $10,000. We affirm the
judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           At trial, the State utilized the testimony of Deputy Sheriff Juan Castro of the El Paso
County Sheriff’s Department. He stated that he worked with a drug interdiction unit. On
February 20, 2001, he was on patrol at milemarker 48 on Interstate 10 when he observed a
tractor-trailer unit change lanes without signaling. He turned on his emergency lights. That
activated the video camera in the patrol vehicle. Deputy Castro testified regarding the
contents of the videotape. On that tape, Appellant, who had come to the rear of the trailer,
stated that he was carrying styrofoam cups. He said to the deputy that he could not breathe. 
Deputy Castro noticed that Appellant was nervous and his hands were trembling as he
handed his driver’s license to the deputy. Appellant gave the deputy a manifest and he stated
that he was on the way from Los Angeles to Orlando, Florida.
           Deputy Castro asked Appellant if he could check the contents of the trailer and
Appellant agreed. The deputy asked Appellant to unlock the trailer and Appellant got the key
to the lock and unlocked it. There was no seal on the trailer. Deputy Castro entered the
trailer along with Deputy Alfredo Telles and a drug sniffing dog named Blesh. They found
several boxes that contained marihuana bricks wrapped in cellophane. The boxes were
smeared with grease--a method of masking the odor of marihuana. The dog did not alert to
drugs on the outside of the trailer when the doors were closed, but did alert when taken inside
the trailer. There were boxes of styrofoam cups located at the front of the trailer. Deputy
Castro gave his opinion that the cups were a “cover load” so that the driver could state that
he was carrying a load of cups. The boxes appeared to be old and they were deteriorating. 
Appellant was arrested for possession of marihuana. The seized marihuana weighed 1,545.6
pounds. When the marihuana was stacked outside the boxes, it measured three feet by nine
feet.
           Appellant’s driver log sheets were seized. There were no entries on February 20. 
The logs showed that Appellant had been in control of the truck from February 13 until the
truck was stopped on February 20.
           Detective Jose Luis Rivera was the case agent on the case. When he arrived at the
scene where the truck had been stopped, the truck had already been searched. Appellant and
his wife were being held. He opined that the bill of lading or the manifest may not have been
seized and may have been left in the cab of the truck. He did not remember seeing it as part
of the evidence seized. Detective Rivera testified that there should have been an entry
showing Appellant going back on duty on February 20.
           Detective Frank Gutierrez, a narcotics officer with the El Paso Police Department,
testified that he was a trained narcotics officer and he had completed a course for
professional truck drivers. He was familiar with state and federal laws concerning trucking. 
He stated that the amount of marihuana seized was a wholesale quantity. Its wholesale value
was at least $300,000. The street retail value in El Paso was $1,362,000. Detective
Gutierrez testified regarding the driver’s log book that was seized. He stated that there was
a pattern of loading and unloading the trailer in one hour intervals.
           The defense utilized the testimony of Eduardo Esparza who was the logistics manager
for a local trucking company. He had also been a professional truck driver. He examined
the logs and indicated that when the logs showed that he was off-duty, he was either loading
or supervising the loading or unloading of the trailer. He also indicated that there was
nothing unusual in hauling damaged freight from one location to another.
II. DISCUSSION
           In Issue No. One, Appellant maintains that the evidence was legally and factually
insufficient to support the conviction. In reviewing the legal sufficiency of the evidence, we
are constrained to view the evidence in the light most favorable to the judgment to determine
whether any rational trier of fact could find the essential elements of the offense, as alleged
in the application paragraph of the charge to the jury, beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler v. State, 769 S.W.2d
234, 239 (Tex. Crim. App. 1989); Humason v. State, 728 S.W.2d 363, 366 (Tex. Crim. App.
1987). More particularly, sufficiency of the evidence should be measured by the elements
of the offense as defined by the hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997).
           Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex. App.--El
Paso 1992, pet. ref’d). We do not resolve any conflict in fact, weigh any evidence or
evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury
trial are given great deference. Menchaca v. State ,901 S.W.2d 640, 650-52 (Tex. App.--El
Paso 1995, pet. ref’d); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992);
Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); Leyva v. State, 840 S.W.2d
757, 759 (Tex. App.--El Paso 1992, pet. ref’d); Bennett v. State, 831 S.W.2d 20, 22 (Tex.
App.--El Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit and
implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial
in the light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing, we
resolve any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d at
843, quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The trier of
fact, not the appellate court, is free to accept or reject all or any portion of any witness’s
testimony. Belton v. State, 900 S.W.2d 886, 897 (Tex. App.--El Paso 1995, pet. ref’d).
           In conducting a factual sufficiency review, we view the evidence in a neutral light and
set aside the fact finder’s verdict only if (1) the evidence supporting the verdict, when
considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt
standard could not have been met. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App.
2004). However, our factual sufficiency review must be appropriately deferential so as to
avoid substituting our judgment for that of the fact finder. Clewis v. State, 922 S.W.2d 126,
133 (Tex. Crim. App. 1996). Accordingly, we are authorized to set aside the jury’s finding
of fact only in instances where it is manifestly unjust, shocks the conscience, or clearly
demonstrates bias. Id. at 135. If the evidence is factually insufficient, we remand to the trial
court for a new trial. Id. at 133-35.
           Regarding the legal sufficiency of the evidence, in order to prove unlawful possession
of a controlled substance, the state must show that the defendant exercised care, custody, and
control of the substance, and that he knew the substance was contraband. Martin v. State,
753 S.W.2d 384, 387 (Tex. Crim. App. 1988); Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim.
App. 1986); Rhyne v. State, 620 S.W.2d 599, 601 (Tex. Crim. App. [Panel Op.] 1981). It is
not enough that the defendant is present at the scene of the offense or even that he has
knowledge of the offense; he must exercise, either solely or jointly, some dominion or control
over the contraband. Oaks v. State, 642 S.W.2d 174, 177 (Tex. Crim. App. 1982); Martin,
753 S.W.2d at 387. When the defendant is not in the exclusive control of the place where
the contraband is found, there must be independent facts and circumstances indicating that
he had knowledge and control of the contraband. Cude, 716 S.W.2d at 47; Oaks, 642 S.W.2d
at 177. There must be evidence affirmatively linking the defendant to the contraband,
indicating that he possessed it knowingly or intentionally and that the defendant’s connection
with the drugs was more than just fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex.
Crim. App. 1995).
           In this case, there was evidence that Appellant was nervous, his hands shook, and he
stated he could not breathe. He had the key to the truck and there was a large quantity of
marihuana in the trailer. There were circumstances indicating that a cover load had been
utilized and a masking agent was used. The driver’s logs indicated that Appellant had
participated in the loading and unloading of the truck. Appellant’s possession of the key to
the location where the marihuana was found reasonably implies his control over the
marihuana. Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.--Austin 1991, pet. ref’d). 
The significant quantity of the marihuana implies that Appellant had knowledge of the
marihuana and control over it; it is unlikely that the owner of that much marihuana would
place it in a trailer without knowing who would be driving the vehicle. See Menchaca, 901
S.W.2d at 652. We find that these affirmative links sufficiently linked Appellant to the
marihuana to support his conviction. We find that the evidence was legally sufficient.
           Regarding the factual sufficiency of the evidence, we do not find that the evidence
contrary to the verdict was strong enough that the beyond-a-reasonable-doubt standard could
not have been met. While Appellant’s expert witness did indicate that some of the factors
involved such as the cover load could also have been indicative of merely transporting
damaged freight, the testimony did not seriously erode the State’s case. We find that the
evidence is factually sufficient to support the conviction. Issue No. One is overruled in its
entirety.
           In Issue No. Two, Appellant maintains that the court erred when it allowed courier
profile testimony. At trial, Detective Gutierrez testified that drug organizations will use
anybody they trust to transport a load of drugs given the large amount of money involved. 
While Appellant had objected previously regarding the relevance of the detective’s attempts
to obtain the trust of drugs transporters, he did not object to this particular assertion.
           In order to preserve error, a party must continue to object each time the objectionable
evidence is offered. See Ethington v. State, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991). 
Accordingly, Appellant has failed to preserve error. Issue No. Two is overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
March 10, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)