COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARCUS DAVON SHEPHERD A/K/A MARCUS D. SHEPHERD, | § | No. 08-07-00185-CR |
| Appellant, | § | Appeal from the |
| v. | § | 213rd District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC#1048089D) |
| | § | |

**O P I N I O N**

This is an appeal from a jury conviction for the offense of theft under $1,500 with the allegation of two prior theft convictions. The jury assessed punishment at two years' imprisonment in the State Jail Division of the Texas Department of Criminal Justice, and a fine of $1,500. We affirm.

## I. SUMMARY OF THE EVIDENCE[1]

Michael Marquez testified that he was the grocery director at the Tom Thumb store on Hulen and Bellaire Streets in Fort Worth, Texas and that on November 6, 2006, he observed Appellant walking across the front of the store toward the exit. Appellant was holding crutches and was in the company of a woman, Quillian Rockwell, who was using a motorized shopping cart. Another store employee followed the two out of the store and saw them get into a gold Kia automobile.

Marquez thought he recognized the pair from prior theft reports, and he reviewed the store's

---

[1] Appellant was indicted for two offenses, trial cause numbers 1048089D and 1048507D. On appeal the case numbers are 08-07-00185-CR and 08-07-00186-CR. The cases were tried together and the evidentiary summaries are combined in each opinion.

surveillance video.[2]  In the video, he saw Appellant and Rockwell at the section of the store where the razors were located.  Rockwell was pulling packages of razors from the shelf while Appellant pointed out razors.  Rockwell tucked the razors under her shirt and Appellant was looking at her while she did so.  Appellant was also looking about the store and they appeared to be working together.  The two left the store without paying for the razors and an inventory indicated that no razors were paid for at that time.  Marquez estimated that at least five and as many as thirty packages of razors were taken.  He stated the value of the razors was over one dollar and less than fifteen hundred dollars.  He testified he did not give permission to either Appellant or his companion to take the razor blades.

Patrick Worley testified that he was the store manager for the Tom Thumb store in Hurst, Texas in Tarrant County and that on November 17, 2006, he noticed two people whom he recognized from a store theft flyer he had received from another Tom Thumb store.  Appellant and a woman were milling about the over-the-counter medicine section of the store.  They checked out at a cashier's station, and did not pay for any medication.  Worley followed the pair into the parking lot where he observed them get into a yellow Kia automobile.  He took down the vehicle's license plate number.

Worley then returned to the store to review the surveillance videotape.  It showed that Appellant was acting as a lookout while his companion was taking items off the shelf and concealing them in her pants.[3]  Worley testified that at least four boxes and possibly as many as seven or eight boxes of medication were taken. This was verified by a store inventory.  He stated that the value of the items taken was between one dollar and fifteen hundred dollars.  He did not give permission for

---

[2]  The video was admitted into evidence and published to the jury.

[3]  The videotape was admitted into evidence and published to the jury.

the Appellant and his companion to take the medicines.

Janie Ransom testified that her daughter, Quillian Rockwell, was Appellant's girlfriend and they had use of her gold Kia automobile.

The police located the gold-colored Kia automobile at a Motel 6 in Fort Worth, Texas. Appellant opened the door of the room and he was arrested on an outstanding arrest warrant. Quillian Rockwell was found hiding underneath the bed in the room, and she was arrested.

## II. DISCUSSION

In Issue One Appellant contends that the evidence is insufficient to support the conviction. In reviewing the legal sufficiency of the evidence, we are constrained to view the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could find the essential elements of the offense, as alleged in the application paragraph of the charge to the jury, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). More particularly, sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State,* 953 S.W.2d 234, 239-40 (Tex.Crim.App. 1997).[4]

---

[4] The court's charge to the jury contained the following instructions and application paragraph:

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Mere presence alone will not constitute one a party to an offense.

. . .

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Marcus Davon Shepherd, acting as a party as that term has been hereinbefore defined, on or about the 6th day of November, 2006, in Tarrant County, Texas, did then and there unlawfully appropriate, by acquiring or otherwise exercising control over property, to-wit: five packages of razors of the value of less than $1500, with intent to deprive the owner, Michael Marquez, of the property, and that prior to the commission of the aforesaid offense, the defendant had twice been finally convicted of a grade of theft, to-wit: on the 11th day

Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable doubt. *Dwyer v. State*, 836 S.W.2d 700, 702 (Tex.App.–El Paso 1992, pet. ref'd). We do not resolve any conflict in fact, weigh any evidence or evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury trial are given great deference. *Menchaca v. State*, 901 S.W.2d 640, 650-52 (Tex.App.–El Paso 1995, pet. ref'd); *Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991); *Leyva v. State*, 840 S.W.2d 757, 759 (Tex.App.–El Paso 1992, pet. ref'd); *Bennett v. State*, 831 S.W.2d 20, 22 (Tex.App.–El Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the verdict. *Adelman*, 828 S.W.2d at 421-22. In so doing, we resolve any inconsistencies in the evidence in favor of the verdict. *Matson*, 819 S.W.2d at 843, *quoting Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). The trier of fact, not the appellate court, is free to accept or reject all or any portion of any witness's testimony. *Belton v. State*, 900 S.W.2d 886, 897 (Tex.App.–El Paso 1995, pet. ref'd).

Without any specific contention, Appellant asserts that there is absolutely no evidence of any theft by Appellant. However, we find that under the law of parties, there is sufficient evidence to support the conviction. The store surveillance videotape shows Appellant directing his companion to take several razor blade packages from the counter. She then tucked them under her shirt while he looked on. He was looking about the store. They exited the store without paying for the

of February, 2002, in the County Criminal Court One of Tarrant County, Texas in Cause No. 0827955, and on the 22nd day of May, 2006 in the 371st District Court of Tarrant County, Texas, in Cause No. 0996077D, you will find the defendant guilty of the offense of theft under $1500 with two prior convictions for any grade of theft as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the Defendant not guilty.

merchandise. The value of the razor blades was between one dollar and fifteen hundred dollars, and neither Appellant nor his companion had permission to take the items. Issue One is overruled.

In Issue Two Appellant asserts that the evidence is factually insufficient to support the conviction. In reviewing factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). In performing our review, we are to give due deference to the fact finder's determinations. *See Johnson*, 23 S.W.3d at 8-9; *Clewis*, 922 S.W.2d at 136. The fact finder is the judge of the credibility of the witnesses and may "believe all, some, or none of the testimony . . . ." *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). Evidence is factually insufficient if it is so weak that it would be clearly wrong and manifestly unjust to allow the verdict to stand, or the finding of guilt is against the great weight and preponderance of the available evidence. *Johnson*, 23 S.W.3d at 11. Thus, the question we must consider in conducting a factual sufficiency review is whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *See id.*

Again, Appellant makes no specific argument in support of his contention that the evidence is factually insufficient. During cross-examination of the complaining witness, Michael Marquez, there was indication that Appellant had what appeared to be a can of shaving cream in a bag. This coupled with the fact that the videotape did not show the location of the pair at all times, raised the suggestion that some item had been paid for thereby implying that the razors had been paid for. However, an inventory indicated that no razors were purchased in that period of time. We find that the evidence was not so obviously weak as to undermine confidence in the fact finder's

determination.  Issue Two is overruled.

### III.  CONCLUSION

We affirm the judgment of the trial court.


GUADALUPE RIVERA, Justice

July 31, 2009

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)